DOROTHY ZILLMAN et al., Plaintiffs, *v.* MEADOWBROOK HOSPITAL Co., INC. et al., Defendants. MID-ISLAND HOSPITAL, Third-Party Plaintiff-Respondent; MEADOWBROOK HOSPITAL Co., INC., Third-Party Defendant-Appellant.

Second Department, July 8, 1974.

*Joseph Jaspan*, County Attorney ( *William S. Norden, Biagio F. Giaquinto* and *Benedict F. Romano* of counsel), for appellant.

*Kramer & Voletsky* (*Irving M. Kramer* of counsel), for respondent.

SHAPIRO, J.

### THE ISSUE

This appeal brings up for review another of the problems spawned in the wake of *Dole* v. *Dow Chem. Co.* (30 N Y 2d 143). Specifically, the question here is whether an alleged successive tort-feasor may utilize *Dole* in order to seek an apportionment of damages from a prior alleged tort-feasor. We hold, under the factual circumstances here present, that it may not be so utilized and therefore reverse the order appealed from and dismiss the third-party complaint.

### THE FACTS

On July 30, 1966 plaintiff Dorothy Zillman was treated in the emergency room of defendant Meadowbrook Hospital Co., Inc. (Meadowbrook) by defendant Dr. Anthony Uy for a self-inflicted laceration in the webbed area between the thumb and forefinger of her right hand. Dr. Uy repaired the laceration with six sutures and suggested that Mrs. Zillman have the sutures removed by her private physician in about a week.

Approximately one week later Mrs. Zillman visited her private physician, defendant Dr. Melvin Smoley, who examined her hand and removed the sutures. Within a week thereafter she returned to Dr. Smoley's office complaining of some difficulty and pain with respect to her hand. He treated her and suggested that she see an orthopedist.

Thereafter, in or about October of 1966, because of continuing difficulty and a developing contracture of her right hand, Mrs. Zillman saw defendant Dr. Michael J. McGuire, who, after examination, referred her to defendant Dr. Martin Lehman. She saw Dr. Lehman in late October or early November, 1966 and he recommended surgery to correct the condition. Mrs. Zillman was admitted to defendant Mid-Island Hospital (Mid-Island) under the service of Doctors Lehman and McGuire. On November 30, 1966 an operation was performed on her right hand by Dr. Lehman, with Dr. McGuire assisting. Her condition failed to improve and she subsequently underwent another operation at a third hospital.

In June, 1969 Mrs. Zillman and her husband, George Zillman, commenced this malpractice action against Meadowbrook, Mid-Island and Drs. Uy, Smoley, McGuire and Lehman. Meadowbrook did not serve its answer until November, 1971. It asserted two affirmative defenses based upon the failure of the plaintiffs to comply with the notice of claim provisions of section 52 of the County Law and sections 50-e and 50-i of the General Municipal Law.

In February, 1972 Meadowbrook moved for summary judgment based upon its affirmative defenses. That motion was withdrawn when the plaintiffs entered into a stipulation discontinuing their action against Meadowbrook. The other defendants were not served with Meadowbrook's answer and were not given notice of its motion or of the stipulation of discontinuance.

In December, 1972 Mid-Island served a third-party summons and complaint upon Meadowbrook in which it alleged that any damages or injuries sustained by Mrs. Zillman were the result of the negligence of Meadowbrook and in which it sought indemnification, or an apportionment of damages from Meadowbrook if it (Mid-Island) were held liable to the plaintiffs. Meadowbrook thereupon moved to dismiss the third-party complaint pursuant to CPLR 3211.[1] This appeal is from the denial of that motion.

---

1. Dr. McGuire had previously commenced a similar third-party action against Meadowbrook. Meadowbrook has answered that complaint but has apparently not moved for its dismissal.

THE LAW

We agree with the determination of Special Term (*Zillman v. Meadowbrook Hosp. Co.*, 73 Misc 2d 726) that Mid-Island's third-party complaint is not dismissable by reason of its failure to allege that it served a notice of claim upon Meadowbrook (a county hospital) as required by section 50-e of the General Municipal Law (see *Matter of Valstrey Serv. Corp. v. Board of Elections, Nassau County*, 2 N Y 2d 413). However, the third-party complaint is substantively insufficient for the reasons which follow.

The *Dole* doctrine of comparative negligence ordinarily applies between joint or concurrent tort-feasors (see *Kelly v. Long Is. Light. Co.*, 31 N Y 2d 25, 29; *Margolin v. New York Life Ins. Co.*, 32 N Y 2d 149, 153, n. 1; *Stein v. Whitehead*, 40 A D 2d 89). Meadowbrook and Mid-Island, however, were independent and successive rather than joint or concurrent tort-feasors (see *Melodee Lane Lingerie Co. v. American Dist. Tel. Co.*, 18 N Y 2d 57, 66; *Derby v. Prewitt*, 12 N Y 2d 100, 105–106). As such, as to the plaintiffs, Meadowbrook would be liable for all damages which flowed from its negligence, including any aggravation of the condition by Mid-Island as a *subsequent tort-feasor*, but the latter would be liable to the plaintiffs only for the aggravation caused by its own conduct.

We do not agree with Meadowbrook's contention that the *Dole* rule of apportionment can never apply in cases involving independent and successive tort-feasors. For example, if driver A operated a vehicle which struck a person on a public highway and fractured his leg and then drove on, leaving the injured person lying on the highway, where he was then struck by a vehicle operated by driver B, the latter could be held liable to the injured person for the damages which he caused. In such a situation, driver B should be able to obtain an apportionment from driver A, notwithstanding the fact that they are independent and successive tort-feasors. Such a result should follow because the conduct of driver A not only injured the person in question, but made it quite likely that he would sustain further injuries. Phrased otherwise, driver A's negligence would have been a direct proximate cause of the injuries sustained by the injured person from driver B (see Prosser, Torts [4th ed.], § 52, p. 320).

This, however, is not such a case. If Meadowbrook were negligent, its negligence was not such as to render it likely that Mrs. Zillman would sustain further injury by reason of subsequent malpractice by another hospital. When she came to Mid-

Island, Meadowbrook's alleged act of negligence had been completed. If Mid-Island was negligent, that negligence was not the result of Meadowbrook's conduct.

Under the authorities above cited (*Melodee Lane Lingerie Co.* v. *American Dist. Tel. Co.*, 18 N Y 2d 57, *supra*; *Derby* v. *Prewitt*, 12 N Y 2d 100, *supra*), Meadowbrook would be liable to the plaintiffs not only for its own negligent acts but also for any aggravation of Mrs. Zillman's condition caused by Mid-Island's negligence, although *inter sese* Meadowbrook would not be responsible for Mid-Island's conduct. In formulating the *Dole* rule of comparative negligence, the Court of Appeals stated (*Dole* v. *Dow Chem. Co.*, 30 N Y 2d 143, 148–149, *supra*): " The conclusion reached is that where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party. To reach that end there must necessarily be an apportionment of responsibility in negligence between those parties."

Since in this case Mid-Island cannot, under any circumstances, be cast in damages vis-à-vis the plaintiffs for Meadowbrook's negligence, Mid-Island's third-party complaint seeking to allege a cause of action for full indemnity or partial indemnity against Meadowbrook is insufficient as a matter of law and therefore the order under review should be reversed, on the law, with $20 costs and disbursements, and this third-party complaint dismissed.

Hopkins, Acting P. J., Cohalan, Christ and Benjamin, JJ., concur.

Order of the Supreme Court, Nassau County, dated April 2, 1973, reversed, on the law, with $20 costs and disbursements, and motion of third-party defendant Meadowbrook Hospital Co., Inc. to dismiss the third-party complaint of Mid-Island Hospital granted.