Roger J. Miner, J.
This is a motion to dismiss the third-party complaint in an action for medical malpractice.
It appears that the infant plaintiff sustained lacerations of the buttocks in an accident which occurred on December 26, *696 1968. The complaint alleges that defendant Horowitz undertook the treatment of the infant immediately thereafter and sutured the lacerations without examining by X ray for foreign bodies. The complaint further alleges that defendant Caedo undertook the treatment of the infant plaintiff in July of 1972 and that by reason of his improper diagnosis and treatment, the infant plaintiff’s injuries were aggravated. It is alleged that neither defendant diagnosed the presence of glass fragments remaining in the infant’s body. These fragments finally were removed in March of 1973.
In the third-party complaint it is alleged that in July of 1972 the defendants and third-party plaintiffs engaged the third-party defendants to take and read X rays in connection with the diagnosis and treatment of the infant plaintiff; it is contended that third-party defendants, being the persons responsible for those X rays, should be liable for the negligence alleged by the plaintiffs.
Third-party defendants contend that on May 17, 1972 the defendants took an X ray of infant’s sacrum and coccyx and submitted it to third-party defendant Smalldon for the purpose of diagnosing orthopedic disease only. They argue that they cannot be liable, for indemnity solely because of their single X-ray examination in July of 1972. It is their position that they have been cast in the posture of independent and successive tort-feasors.
The Dole (Dole v Dow Chem Co., 30 NY2d 143) doctrine of comparative negligence ordinarily applies only as between joint and concurrent tort-feasors and not between independent and successive tort-feasors (Zillman v Meadowbrook Hosp. Co., 45 AD2d 267). The Zillman case, relied upon by third-party defendants, presented a factual situation substantially different from the case at bar. It was there determined, upon the facts revealed, that if one hospital were negligent, its negligence was not such as to render it likely that the plaintiff would sustain further injury by reason of subsequent malpractice by another hospital; when the plaintiff came to the second hospital, the alleged act of negligeñce by the first hospital had been completed.
Here, the third-party plaintiffs, members of the Ellenville Medical Group, continued to treat and observe the infant plaintiff through the month of July, 1972. In May of 1972 they brought in the third-party defendants to assist them in this regard. In order to render the necessary services the third- *697 party defendants, independent contractors, utilized the premises and facilities of the defendants. There was, at one point in the treatment of the infant plaintiff, joint, concurrent and continuing medical responsibility on the part of all the physicians involved.
Since the third-party plaintiffs and third-party defendants were directly associated with each other in the treatment of the plaintiff, it follows that the third-party defendants may be liable in whole or in part for any recovery by the plaintiffs against the defendants. The third-party complaint is proper and the motion is denied.
The decision heretofore rendered in this matter on March 5, 1976 is rescinded.