■ Richard E. Doty, Respondent, v Angelo P. Maniccia et al., Doing Business as Red Dragon, Appellants. Gerald R. Carey, Respondent, v Angelo Maniccia et al., Doing Business as Red Dragon, Appellants.— Appeal from a judgment of the Supreme Court, entered October 3, 1974 in Cortland County, upon verdicts rendered at a Trial Term in favor of plaintiffs. The plaintiffs alleged that pursuant to oral contract, they supplied and installed heating equipment in a building owned by the defendants at 18 North Main Street, Cortland, for which they had not been paid in full. Defendants counterclaimed the plaintiffs failed to properly and competently

install the equipment and, as a result, the defendants were forced to remedy the improperly installed and inadequate heating system for which they sought damages. The jury awarded the full amount sought by the plaintiffs and found no cause for action as to the defendants' counterclaim. On appeal the defendants contend that the jury charge was erroneous in several respects. No exception was made to the charge, so the errors, if any, were not preserved for our review (CPLR 5501, subd [a], par 2). Defendants further allege that a question asked defendant Maniccia on cross-examination was improper and prejudicial so as to require reversal. Maniccia had testified on direct examination that the heating system was inadequate and defective. Plaintiffs' attorney brought out on cross-examination that the premises in question had been transferred to the Urban Renewal Agency prior to the trial. Plaintiffs' attorney asked Maniccia if he had talked with the appraisers who inspected the property. Upon his denial, the plaintiffs' attorney continued: "[Did you tell] the appraiser from the [city] that just handed you nearly a third of a million dollars that there was nothing wrong with the heating system". Defense counsel moved for a declaration of mistrial. The motion was denied and no further instructions were given to the jury. Whether the building was or could be properly heated at the time of the taking by urban renewal was certainly an item to be included in determining the value of the property taken. The witness was competent and the question relevant. Including in the question the amount received by the defendants for the taking by urban renewal was harmless error, if indeed it was error at all. We are satisfied that the result would have been the same if the oral evidence had not been admitted (CPLR 2002). Judgment affirmed, with costs. Greenblott, J. P. Larkin and Herlihy, JJ., concur; Mahoney and Main, JJ., dissent and vote to reverse in the following memorandum by Mahoney, J. Mahoney, J. (dissenting). Under no theory is the condemnation award or its amount relevant to any issue in this case. Introduction of the irrelevant matter might well have been prejudicial, since it could have induced the jury to conclude that the heating system, even if defective, was no longer the defendants' problem, and, in any event, they could afford to pay the relatively small claims of the plaintiffs (see *Zipay v Benson,* 47 AD2d 233, 236). The judgment should be reversed and the case remitted for a new trial.