■ HARTSDALE AGENCY, INC., Appellant-Respondent, v AETNA CASUALTY AND SURETY COMPANY et al., Respondents-Appellants.—In an action to recover damages for breach of contract and to declare a provision of the parties' agency agreement to be void, the parties purportedly cross-appeal as of right from an order of the Supreme Court, Westchester County, dated July 19, 1978, which, upon plaintiff's motion for a further pretrial examination of a defense witness and to compel the witness to respond to previously unanswered questions, directed the witness to respond to certain of the questions and sustained the refusal to respond to other questions. Appeal and cross appeal dismissed, without costs or disbursements. As this court recently reiterated, "Orders made upon questions propounded at an examination before trial are not appealable as of right" *(Siegal v Arnao,* 61 AD2d 812). Inasmuch as the rulings were made upon a motion on notice and upon a full record, application for leave to appeal could have been made. Had such an application been made, however, we would not have granted leave to appeal in the circumstances of this case (see *Siegel v Arnao, supra;* cf. *Rockwood Nat. Corp. v Peat, Marwick, Mitchell & Co.,* 59 AD2d 573). Mollen, P. J., Suozzi, O'Connor and Mangano, JJ., concur.

■ HATTIE LEALE, Respondent, v NEW YORK CITY HEALTH AND HOSPITALS CORP. et al., Appellants.—In a medical malpractice action, defendants appeal from an order of the Supreme Court, Queens County, entered September 26, 1978, which denied their motion, *inter alia,* to vacate an order entered against them on default. Order reversed and motion granted, without costs or disbursements, on condition that defendants' attorney (the office of the Corporation Counsel) pay $500 to the plaintiff within 20 days after entry of the order to be made hereon; in the event that such condition is not complied with, then order affirmed, with $50 costs and disbursements. In view of the strong public policy that actions be disposed of on their merits (see, e.g., *Dahlem v Universal School Bus Leasing,* 35 AD2d 992), and the apparent lack of culpability on the part of the defendants in the instant default, it is our belief that the motion to vacate should have been granted upon the conditions indicated (see, generally, *Moran v Rynar,* 39 AD2d 718). Hopkins, J. P., Gulotta, Shapiro and Cohalan, JJ., concur.

■ PABLO LOPEZ et al., Plaintiffs, v PRECISION PAPERS, INC., et al., Defendants, and LONG ISLAND COLLEGE HOSPITAL, Defendant and Third-Party Plaintiff-Appellant. MUTUAL PAPER CO., INC., Third-Party Defendant-Respondent.—Appeal by defendant third-party plaintiff from an order of the Supreme Court, Kings County, dated December 29, 1977, which granted a motion to dismiss the third-party complaint. Order reversed with $50 costs and disbursements, and motion denied. Successive tort-feasors may not seek apportionment of damages from prior tort-feasors except in those situations where the prior tort-feasor's negligence had made the successor's negligence more likely *(Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267). On the record presented to us, it is impossible to determine if such an exception applies. Moreover, at this stage of the litigation, with discovery still incomplete, it is unlikely that sufficient facts could be alleged. Thus the determination of this motion was premature. Lazer, J. P., Rabin, Gulotta and Cohalan, JJ., concur.