■ LAWRENCE W. HUFFMAN, Respondent, v ADRIAN B. COREN et al., Appellants.—In a medical malpractice action, defendants appeal from a judgment of the Supreme Court, Suffolk County, entered May 5, 1978, which, upon a jury verdict reduced by stipulation, awarded damages to the plaintiff in the total sum of $525,013.30. Judgment affirmed, with costs. Defendants' claim of ambiguity in the jury charge as to the scope of malpractice damages has not been preserved for appellate review since defendants took no exceptions to the charge at trial. In any event, had the point been preserved, we would have sustained the instruction. Although characterized by some passing infelicity of language, in its overriding thrust the charge represents an accurate statement of the measure of malpractice damages and gave "sufficient instruction to enable the jury to make its findings upon each issue" (see CPLR 4111, subd [b]). Furthermore, we find no merit in defendants' contention (which was preserved for review) that the jury should have been instructed to "apportion" the damages as between the defendants and a nonparty driver who had previously settled with the plaintiff. The case of *Dubicki v Maresco* (64 AD2d 645) is distinguishable. Apportionment was proper there because the initial tort-feasor, who was a party to the action, was legally responsible to the plaintiff for his entire injury and had a right of contribution from a subsequent tort-feasor who aggravated the original injury. For defendants, however, apportionment is unnecessary since as subsequent tort-feasors they are *ab initio* liable to the plaintiff only for the portion of his injury attributable to their malpractice (see *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267; *Lopez v Precision Papers,* 69 AD2d 832; *Caiazzo v Volkswagenwerk, AG.,* 468 F Supp 593, 603). The danger of double recovery for aggravation of injuries was amply prevented by an accurate charge as to the scope of the malpractice damages. As to the contention that defendants were deprived of a fair trial, we conclude that although a number of the trial tactics employed by plaintiff's counsel were questionable, the misconduct "did not prevent the careful consideration of the evidence by the jury and did not influence its verdict" (see *Reilly v Wright,* 55 AD2d 544, 545). We have considered defendants'

contention that the verdict was excessive and find it to be without merit. Damiani, J. P., Margett, O'Connor and Weinstein, JJ., concur.