■ FRED BERGAN, Respondent, v HOME FOR INCURABLES et al., Respondents. ST. BARNABAS HOSPITAL et al., Third-Party Plaintiffs-Respondents, v BRONX MUNICIPAL HOSPITAL CENTER et al., Third-Party Defendants-Appellants.—Order, Supreme Court, Bronx County, entered on April 17, 1979, which denied third-party defendants' motion to dismiss the third-party complaint, insofar as appealed from, unanimously reversed, on the law, without costs and without disbursements, and the third-party defendants' motion to dismiss, granted. The question presented for our review is whether an alleged successive and independent tort-feasor may seek apportionment of damages under the *Dole* doctrine (*Dole v Dow Chem. Co.,* 30 NY2d 143), from an alleged prior tort-feasor. Under the facts presented herein, we find that apportionment is not warranted and that the third-party complaint is insufficient as a matter of law. On January 28, 1973, plaintiff was admitted to third-party defendant-appellant hospital, Bronx Municipal Hospital Center, following an overdose of drugs. Plaintiff succumbed and remained in a "prolonged" comatose state, and on April 12, 1973, after regaining partial consciousness, was transferred to defendant and third-party plaintiff hospital, St. Barnabas. Plaintiff remained under the care of St. Barnabas until October 26, 1974. While there, it is alleged he became disabled and injured by the failure of defendants to properly diagnose and treat the contractures of plaintiff's extremities. It is also alleged that the defendant hospital negligently caused plaintiff to suffer from painful bedsores. In April, 1976, plaintiff commenced an action against defendants for medical malpractice. The complaint, as amplified by the bill of particulars, alleges that during the period from April 12, 1973 to October 26, 1974, while plaintiff was under defendants' care, defendants failed to render competent medical treatment. The complaint, as well as the bill of particulars, places partial reliance upon the doctrine of *res ipsa loquitur,* since plaintiff was under the "exclusive care, custody and control of defendants" during this period of time. In August, 1977, St. Barnabas served a third-party summons and complaint upon the municipal corporations in which it is alleged that the contractures and bedsores were sustained by plaintiff during his prior confinement at Bronx Municipal Hospital Center. St. Barnabas asserts that plaintiff's injuries were caused solely by the prior treatment at Bronx Municipal, and, that if defendants are held liable to plaintiff, they have a right to claim over for indemnity or contribution or both. Our review of the record clearly demonstrates that St. Barnabas Hospital and Bronx Municipal Hospital are successive, and not joint tort-feasors as claimed by defendants. The *Dole* doctrine is ordinarily applicable to joint or concurrent tort-feasors (*Kelly v Long Is. Light. Co.,* 31 NY2d 25), and not applicable where the two contesting hospitals are independent and successive tort-feasors (*Derby v Prewitt,* 12 NY2d 100). Thus, "as to the plaintiffs [Bronx Municipal Hospital], would be liable for all damages which

flowed from its negligence, including any aggravation of the condition by [St. Barnabas] as a *subsequent tort-feasor,* but the latter would be liable to the plaintiffs only for the aggravation caused by its own conduct." *(Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267, 270.) The claims of the third-party plaintiff may constitute a defense—partial or complete—to plaintiff's claims, but do not form a basis for contribution or indemnification. Nor can defendants obtain comfort from the court's holding in *Wiseman v 374 Realty Corp.* (54 AD2d 119). In *Wiseman,* plaintiff's complaint charged all named defendants with having caused the one injury—wrongful death. Whereas the present complaint limited the claimed injuries to the period of time when plaintiff was under the care and control of St. Barnabas. Additionally, the injury sustained by the plaintiff in *Wiseman,* was indivisible and of such a nature as to render it likely that decedent might sustain further injury by a subsequent joint tort-feasor. In this action plaintiff's injuries are clearly divisible and the third-party defendants' alleged negligence was complete upon plaintiff's arrival at St. Barnabas. Concur—Birns, J. P., Sandler, Ross, Markewich and Silverman, JJ.