■ Louis C. Getzelman, an Infant, by His Father and Natural Guardian, Robert C. Getzelman, et al., Plaintiffs, v Peter J. Lacovara et al., Defendants. John R. Wohlleben, Defendant and Third-Party Plaintiff-Appellant; Nassau County Medical Center, Third-Party Defendant-Respondent. — In a medical and chiropractic malpractice action, the defendant third-party plaintiff appeals from an order of the Supreme Court, Nassau County (Lockman, J.), dated May 19, 1980, which granted the motion of the third-party defendant to dismiss the third-party complaint. Order reversed, with $50 costs and disbursements, and motion to dismiss the third-party complaint denied. The main action sounds in malpractice. The neck and skull of Louis Getzelman (hereafter plaintiff) were injured in a surfing accident. He was taken to the third-party defendant (Nassau County Medical Center) for treatment. The plaintiff was diagnosed, after X rays were examined by the radiology department, as having suffered a sprain, without a fracture. Subsequently, the plaintiff was treated by the defendant Lacovara and the defendant Duca. Finally, the plaintiff saw the defendant third-party plaintiff Wohlleben, a chiropractor, who took X rays of the plaintiff and diagnosed the plaintiff's condition as "post traumatic myofascitis of cervical spine." The defendant Duca thereafter took X rays of the plaintiff and found that he had a fractured bone in his neck and permanent damage. The plaintiff applied for leave to file a late notice of claim against the medical center, alleging that the latter was negligent in its treatment and in the reading of the initial X rays; this application was denied as untimely (see General Municipal Law, § 50-e). The plaintiff then brought this action against Lacovara, Duca and Wohlleben, claiming that they had each been negligent in their treatment of him by their failure to conduct proper examinations, testing, X-ray studies, and histories. Wohlleben served the medical center with a third-party complaint, seeking indemnity or an apportionment of damages from the medical center in the event that the plaintiff should recover from Wohlleben. The medical center moved to dismiss the third-party complaint on the ground that it failed to state a cause of action (CPLR 3211, subd [a], par 7). Special Term granted the motion, holding that any negligence of the medical center was complete and unrelated to the alleged acts of negligence of the defendants. As framed by the pleadings, the plaintiff's action alleges successive acts of negligence by the defendants. It is clear from the third-party complaint that the defendant Wohlleben alleges that the medical center is guilty also of negligence toward the plaintiff, antedating Wohlleben's treatment of the plaintiff. Hence, we deal on this record with claims of successive torts. Indeed, if the plaintiff's application to file a late notice of claim against the medical center had not been denied, undoubtedly the plaintiff would have joined the medical center as a defendant, together with the defendants Lacovara, Duca and Wohlleben. The question thus is whether the torts are concurrent or independent. If concurrent, the third-party action lies; if independent, the third-party action will not (see *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267, 270). We start with the premise that we must read the original complaint and the third-party complaint together *(Musco v Conte,* 22 AD2d 121, 122). As pleaded, the torts are concurrent. The plaintiff alleges one injury improperly and negligently treated by several physicians and a chiropractor (cf. *Wiseman v 374 Realty Corp.,* 54 AD2d 119, 122). The intent of CPLR 1401, as declared by the Judicial Conference, was to include within its scope concurrent tort-feasors, successive and independent tort-feasors, and alternative tort-feasors (12th Ann Report of Judicial Conference to Legislature on the CPLR, McKinney's 1974 Session Laws of NY, pp 1805-1806). This is not a case in which the initial tort-feasor is a party to the action and the jury can determine to what extent a subsequent tort-feasor should be liable for his negligence (cf. *Bergan v House for Incurables,* 75 AD2d

762). Rather, this is a case where the first tort-feasor is absent from the action, and the subsequent tort-feasor cannot seek indemnity from the first tort-feasor within the action. The injury to the plaintiff is claimed to have arisen from the failure of the medical center to perceive the fracture as a result of misreading the X-ray plates; at this stage of the litigation it cannot be known to what extent that failure caused the continuing injury to the plaintiff while the defendants treated the plaintiff, albeit negligently as well. Moreover, we should not at the pleading stage be quick to dismiss the third-party complaint. It is better practice to await the trial before reaching a definitive conclusion *(Lopez v Precision Papers,* 69 AD2d 832). We therefore reverse and deny the motion to dismiss. Hopkins, J. P., Rabin and Margett, JJ., concur; Titone, J., dissents and votes to affirm the order.