OPINION OF THE COURT
George A. Murphy, J.
This is an action by plaintiffs for damages allegedly sustained as the result of defendants’ fraudulent breach of contract to provide unique, albeit costly, educational services.
The factual situation is that in 1972 the infant plaintiff was enrolled in the Waldorf School and continued there from the beginning nursery school level through the fifth grade. During that period of time the defendant Waldorf School sent many reports to the infant plaintiff’s parents purporting to significantly appraise for them the infant’s status and progress as a student. These reports are among a great number of copies of pertinent and varied documents submitted by the parties on this application.
In 1979, after being advised of the infant’s gross deficiency in academic ability and grade performance level, the defendant school declined to accept the infant as a student for further educational and academic attention. This litigation ensued.
*315 The defendant, citing Donohue v Copiague Union Free School Dist. (47 NY2d 440) and Hoffman v Board of Educ. (49 NY2d 121), now moves for summary judgment dismissing the complaint on the ground that the first two causes of action are prohibited actions for educational malpractice and that the last two causes of action fail to meet the standard pleading tests for fraud.
The plaintiffs argue that the action is essentially for breach of contract and fraudulent misrepresentation and, therefore, the reliance that defendant places on the cited cases is misplaced. The court agrees with the plaintiffs.
The Court of Appeals in Tedeschi v Wagner Coll. (49 NY2d 652) instructs us that conduct on the part of an institution (in its “somewhat one-sided” relationship with individuals seeking and accepting its services) which is violative of good faith, reasonableness, rationality and even basic fairness is properly and, as a matter of fact, ordinarily very much subject to judicial scrutiny (see, also, Matter of Carr v St. John’s Univ., 17 AD2d 632, affd 12 NY2d 802; Matter of Sofair v State Univ., 54 AD2d 287, revd on other grounds 44 NY2d 475). Such conduct is easily distinguishable from the discretionary conduct attending the educational function of an institution, an area the courts prefer to leave to those specially attuned to and experienced in the field (Donohue v Copiague Union Free School Dist., supra; Hoffman v Board of Educ., supra).
Clearly, it was not the intention or effect of either Donohue or Hoffman to provide educational institutions with a shield against or a safe haven from liability for impermissible conduct, considered quite apart from the educational function. Defendants’ affidavits seem to conclude otherwise, quite erroneously.
Upon the pleadings and documentation submitted and considered with this motion, the court finds that the action is one based on conduct clearly subject to judicial scrutiny. The essence of the action (which it is agreed by the parties sounds in both contract and fraud) is that the defendant school knowingly and wrongfully deprived the plaintiffs and also long concealed such deprivation from the plaintiffs, to their great detriment. Such claims go well beyond, *316 and are patently distinct from, a mere claim of negligently deficient educational performance.
The court would observe that the defendant has in an apparent dilatory and evasive manner deprived the plaintiffs of an important and timely demanded discovery proceeding and now attempts to gain further advantage from such misconduct. Such actions should not and will not be countenanced by this court since it is obvious that the plaintiffs rightfully seek further to support their claims by proof of documents evidencing the institution’s voluntarily assumed rules, guidelines and obligations which it must observe (Tedeschi v Wagner Coll., supra). Clearly at this stage of the litigation, with discovery incomplete, summary judgment is improper (Lopez v Precision Papers, 69 AD2d 832).
In the court’s view that representations, allegedly fraudulent in nature, were made to the plaintiff parent is beyond dispute. Moreover, the same representations were obviously directed to the infant plaintiff in untold ways as he daily, in his childish innocence, accepted the near absolute authority, supervision, guidance, direction and control from the institution and its personnel for the entire period from 1972 through 1979. Thus, both causes of action for fraudulent misrepresentation survive the standard tests and may not be dismissed (Lanzi v Brooks, 54 AD2d 1057, affd 43 NY2d 778).
There are factual issues to be resolved and therefore denial of this application is warranted.
Based on the foregoing this motion is denied and defendant is directed to proceed with the requested discovery proceedings.