(December 10, 1981)

■ STANLEY OSOWICKI et al., Respondents, v AVIS B. ENGERT et al., Appellants, et al., Defendants. — Appeal from a judgment of the Supreme Court in favor of plaintiffs, entered November 16, 1979 in Montgomery County, upon a verdict rendered at Trial Term (Ford, J.). Late in the afternoon of November 30, 1972, defendant Denise Morette was driving west on route 890 in Schenectady County. It was snowing, the road conditions were poor and the visibility limited. She lost control of her vehicle and skidded. The car came to rest blocking the curb lane and part of the middle lane of the three westbound traffic lanes. While in this position, the automobile was struck by a car driven by Avis Engert. Both drivers then got out of their cars and stood in the curb area discussing the poor weather. Some five or 10 minutes later plaintiff Joan Osowicki came upon the scene driving westerly in the middle lane. She slowed down and was almost stopped when her vehicle was struck in the rear by a car driven by defendant Robert F. Danton, Jr. As a result of the accident, plaintiff sustained serious personal injuries. This action was brought to recover damages for the personal injuries of Joan Osowicki and the derivative losses of her husband. On two separate occasions prior to trial plaintiffs were allowed to amend their complaint so as to increase the *ad damnum* clause. Prior to trial plaintiffs settled with defendant Danton. The trial proceeded against the remaining defendants and the jury returned a verdict against all defendants in the sum of $500,000 for damages to Joan Osowicki and $75,000 in the derivative action. This appeal ensued and defendants raise several issues urging reversal. Some, but not all, of these issues require discussion by us. Initially, defendants maintain that plaintiffs failed to establish a case of actionable negligence against them. Specifically, defendants argue that they were not guilty of any negligence as far as the first accident was concerned and in any event, none of their acts causing the first accident was the proximate cause of the second accident which caused plaintiff Joan Osowicki's injuries. It is substantially undisputed that when plaintiff's car was struck by the Danton

vehicle, the first accident had become a completed occurrence and the independent acts of Danton produced the event which harmed plaintiff. We would, therefore, have to agree with defendants that their negligence, if any, causing the first accident, would not have been a proximate cause of the second accident *(Stanton v Clegg,* 278 App Div 486). Plaintiffs, however, specifically allege that in view of the weather conditions defendants were negligent in failing to remove their cars from the highway or warn plaintiffs or others using the roadway that the vehicles were obstructing a portion of the highway. Considering the record in its entirety, we are of the view that there were questions of fact raised as to whether defendants negligently left their cars on the highway and failed to warn the traveling public of their presence. There were also questions of fact raised as to whether defendants reasonably should have foreseen the danger. Furthermore, the court specifically charged the jury as follows: "that if you find that the Defendants, Morrette and Engert, left their automobiles on the travelled portion of the highway when they could have and should have removed them, and if you further find that in addition to leaving their automobiles they failed to take any measures reasonably designed to warn oncoming motorists of the presence of those automobiles on the travelled portion of the highway, under adverse conditions, which included impaired visibility and slippery road surface, you may find that those acts and/or omissions to act constitute negligence on the part of the Defendants." Consequently, we are of the opinion that the charge was proper and the jury could reasonably conclude that such acts on the part of defendants were a proximate cause of the injuries caused to the plaintiff. We also reject defendants' contention that the court improperly charged the jury as to section 1201 of the Vehicle and Traffic Law. There was no exception taken by defendants to this specific charge and, consequently, the errors, if any, were not preserved for our review *(Huffman v Coren,* 75 AD2d 575; *Doty v Maniccia,* 58 AD2d 937, affd 44 NY2d 840). Concerning the objections to increases of the *ad damnum* clause prior to trial, the Court of Appeals has recently stated that, in the absence of prejudice to defendant, motions to amend the *ad damnum* clause, whether made before or after trial, should generally be granted *(Loomis v Corinno Constr. Corp.,* 54 NY2d 18). Defendants have failed in the present case to demonstrate prejudice and, therefore, plaintiffs' motions to increase the *ad damnum* clause were properly granted. Finally, as to damages, the record demonstrates that plaintiff was severely injured; that she was incapacitated for a considerable period of time and suffered much pain; that she underwent two major operations on her spine resulting in a fusion of several vertebrae; that her doctor testified that the fusion resulted in a permanent loss of movement in her lower back; and that medical bills and loss of earnings were extensive. Defendants produced no medical testimony although they had two physical examinations of plaintiff. Consequently, the strongest inferences may be drawn against defendants for failure to produce evidence on the issue of damages *(Jarrett v Madifari,* 67 AD2d 396; *Laffin v Ryan,* 4 AD2d 21). Under these circumstances, we ought not to substitute our judgment for that of the jury on a plain question of fact. We have considered all other arguments urged by defendants and find them unpersuasive. The judgment should be affirmed. Judgment affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Casey and Weiss, JJ., concur.