■ PARASKEVOU PSAKIS et al., Plaintiffs, v ALVIN JACOBS, Defendant and Third-Party Plaintiff-Respondent. CONSTANTINE SPYROU, Third-Party Defendant-Appellant. — In a chiropractic malpractice action, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Delin, J.), dated September 15, 1981, which denied his motion for summary judgment dismissing the third-party complaint. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Plaintiff Paraskevou Psakis was seen on a single instance by her family doctor, appellant Constantine Spyrou, with regard to pain in her right hip and lower back. He gave her medication for the pain and suggested that she see an orthopedist. Instead of following his instructions, she engaged the defendant, Alvin Jacobs, a chiropractor, who gave her a course of treatment involving some 21 visits. Still in pain, she thereafter was seen by the orthopedist to whom she had been directed by Dr. Spyrou. The orthopedist found that she was suffering from a degenerative disease of the hip and had her admitted to a hospital, where she underwent surgery to implant a prosthesis into her hip bone. Plaintiffs thereafter commenced the instant suit against defendant charging that he failed to properly treat and diagnose Mrs. Psakis' condition during the time she was his patient. In turn, defendant instituted a third-party action against appellant alleging his failure to properly treat and diagnose Mrs. Psakis before she became

defendant's patient. Defendant seeks indemnification or contribution should he be held liable to plaintiffs (see *Dole v Dow Chem. Co.,* 30 NY2d 143). Following joinder of issue and the taking of examinations before trial of the several parties, appellant moved pursuant to CPLR 3212 for summary judgment dismissing the third-party complaint. He appeals from the denial of that motion. It is our opinion that the third-party complaint, as amplified by the affidavits submitted on the motion and the other supporting papers, including the depositions of the parties, is insufficient as a matter of law. On this record defendant and appellant are clearly independent and successive, rather than joint or concurrent, tort-feasors (see *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267; *Bergan v Home for Incurables,* 75 AD2d 762; *Pezzella v Catholic Med. Center of Brooklyn & Queens,* 52 AD2d 596; *Getzelman v Lacovara,* 82 AD2d 823). Damiani, J. P., Titone, Weinstein and Bracken, JJ., concur.