Susan P. Helmrich, Plaintiff, v Eli Lilly & Company, Respondent, and Syracuse University, Appellant.

Fourth Department, November 9, 1982

APPEARANCES OF COUNSEL

*Bond, Schoeneck & King* (*Edwin J. Kelly, Jr.,* and *John J. Dee* of counsel), for appellant.

*Dewey, Ballantine, Bushby, Palmer & Wood* (*Greene, Hershdorfer & Sharpe, Sanford N. Berland, Thomas C. Mazza, Hilbert I. Greene* and *David A. Riso* of counsel), for respondent.

OPINION OF THE COURT

Schnepp, J.

In an action for damages brought by a plaintiff who claims that she was prenatally exposed to diethystilbestrol (DES) and developed vaginal cancer, we are confronted with the question whether a hospital which is alleged to have treated her improperly may seek contribution from the pharmaceutical manufacturer which produced, marketed and sold the alleged cancer-causing agent. We hold that under the facts in this case as framed by the pleadings the hospital may seek contribution.

DES is the generic name for a medication which duplicates the effects of natural estrogens in the human body. It has been used, and is still being used, to treat a variety of medical conditions. In 1971, however, the Federal Food and Drug Administration banned the use of DES for the treatment of problems of pregnancy because of mounting evidence that it was ineffective in preventing miscarriage and dangerous to the unborn children as well. Since then, "the link between prenatal DES exposure and the later development in female offspring of clear cell cervical or vaginal adenocarcinoma, a hitherto rare disease involving cancerous growth in glandular tissue, has been unquestionably confirmed". (*Bichler v Lilly & Co.*, 55 NY2d 571, 577.)

Plaintiff was born in 1955 to a mother who ingested DES during pregnancy. In 1969 she began to experience a variety of gynecological disorders which persisted after she enrolled as a student at Syracuse University in 1973. Between 1973 and 1977 she was treated at the university's Student Health Center as her gynecological symptoms worsened. On July 20, 1977 a private gynecologist consulted by plaintiff diagnosed her condition as clear cell vaginal adenocarcinoma. Radical female pelvic surgery was performed upon her shortly thereafter and all of her internal reproductive organs were removed.

In September, 1979 plaintiff commenced this action against Eli Lilly & Co. (Lilly), a manufacturer of DES, and Syracuse University in which she seeks damages for injuries sustained as a result of her prenatal exposure to DES and the malpractice of the university in treating her. Causes of action were alleged against Lilly in negligence, strict products liability, breach of warranty, misrepresentation and fraud in connection with its production, marketing and sale of DES.

Plaintiff claims in each cause of action against Lilly that she has "sustained serious and permanent injuries". She also claims that as a result of the university's conduct in treating her improperly she "has suffered a hysterectomy and other and serious and permanent injuries and damages, incurred economic expense and loss, suffered unnecessary pain, suffering [*sic*] and mental anguish and has

been deprived thereby of the ability to bear children and other injuries and damages." In response to a demand by the university to "[s]pecify every injury plaintiff claims she sustained because of the acts of defendant [Lilly], or the University, or both", plaintiff alleged in a verified bill of particulars that "[a]s a result of the negligence of Lilly and the University, plaintiff underwent radical female pelvic surgery and has lost all of her reproductive organs; there is danger of further metastasis and fear of further spread of cancer."

Plaintiff's suit against Lilly has been dismissed as barred by the Statute of Limitations (*Helmrich v Lilly & Co.,* 88 AD2d 766). The university, however, asserts in its answer a cross claim against Lilly for contribution. Special Term granted summary judgment to Lilly and dismissed the cross claim on the ground that the university, as a successive independent tort-feasor, can only be liable for the aggravation of plaintiff's condition and, as such, is not entitled to contribution from the prior tort-feasor, Lilly. We disagree.

The governing rules of law are readily stated; their precise meaning is more elusive. CPLR 1401 permits tort-feasors to claim contribution where "two or more persons * * * are subject to liability for damages for the same personal injury". There is no requirement that each defendant be liable under the same legal theory — only that they be liable for the same harm (see *Taft v Shaffer Trucking,* 52 AD2d 255, 259; see, also, McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:4, p 363).

The section was intended to codify and clarify the rule stated by the Court of Appeals in *Dole v Dow Chem. Co.* (30 NY2d 143, 148-149) that "where a third party is found to have been responsible for a part, but not all, of the negligence for which a defendant is cast in damages, the responsibility for that part is recoverable by the prime defendant against the third party." (See Twentieth Ann Report of NY Judicial Conference, 1975, p 211.) The section shifts the focus of inquiry, however, from whether the defendant can be cast in damages vis-à-vis the plaintiff for the third party's negligence (see *Zillman v Meadowbrook Hosp. Co.,*

45 AD2d 267), to whether each defendant owed a duty to plaintiff and whether, by breaching their respective duties, they contributed to plaintiff's ultimate injury (see *Schauer v Joyce,* 54 NY2d 1, 5). Under the section if by its conduct each defendant is subject to liability for the same damages claimed by plaintiff, either may claim contribution from the other, although a legal relationship does not exist between them (see *Schauer v Joyce, supra,* pp 5, 7; see, also, Twentieth Ann Report of NY Judicial Conference, 1975, pp 216-217). The section applies not only to "joint tort-feasors" but also to "concurrent tort-feasors", "successive and independent tort-feasors", "alternative tort-feasors", and even "intentional tort-feasors" (see *Schauer v Joyce, supra,* p 5; *Taft v Shaffer Trucking,* 52 AD2d 255, 259, *supra;* see, also, Siegel, New York Practice, § 172, p 213; Twentieth Ann Report of NY Judicial Conference, 1975, p 214).

Under the *Dole* rule it has been held that a successive tort-feasor may not seek apportionment of damages from a prior tort-feasor because a successive tort-feasor is liable only for the aggravation caused by its own conduct and cannot be responsible to plaintiff for the prior tort-feasor's conduct (*Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267, *supra*). An exception has been found to exist where the prior tort-feasor's negligence makes the successor's negligence more likely (see *Lopez v Precision Papers,* 69 AD2d 832; see, also, Prosser, Torts [4th ed], § 52, p 320). Since enactment of CPLR 1401, claims for contribution have been sustained in *Getzelman v Lacovara* (82 AD2d 823), a case involving several physicians who were alleged to have successively treated an injury in a negligent manner, and in *Wiseman v 374 Realty Corp.* (54 AD2d 119) where successive tort-feasors were sued for wrongful death. The key to the resolution of each of these cases was the fact that the plaintiff claimed that the same harm was caused by each defendant.

In applying CPLR 1401 to the facts of this case as framed by the complaint and bill of particulars, it is apparent that the cross claim should be sustained. Plaintiff sued each defendant for damages for the same injuries, i.e., the effects of the cancer which she developed. She did not sue Lilly for the cancer, and the university for the aggravation

of the cancer. She alleged, albeit on different theories, that each defendant is responsible for what happened to her after she developed cancer and was improperly treated, i.e., Lilly is responsible for her damages because by its actions it allegedly caused her to develop cancer, and the university is responsible for her damages by reason of its improper care and treatment of her. No attempt has been made, if indeed it could be, to delimit the injuries caused by the university. At the pleading stage a logical, reasonable or practical division of responsibility for the harm is not possible. All causes of action seek recovery for the same indivisible injuries sustained by plaintiff, i.e., damages for her surgery and resulting psychological trauma. No distinction is made between injuries sustained by reason of the acts of Lilly and the acts of the university.

Thus, Lilly's reliance upon *Zillman* and the other cases which hold that successive tort-feasors are only responsible for the aggravation caused by their own conduct and cannot seek contribution from prior tort-feasors is misplaced. This case is similar to *Getzelman* and *Wiseman (supra)* because successive tort-feasors are alleged to be responsible for the same injuries. Potential liability for the same personal injury is the factor which allows a claim for contribution under CPLR 1401. The pleadings set forth an ample basis for holding that the alleged tortious conduct of each defendant was responsible for the same harm to plaintiff (see *Schauer v Joyce,* 54 NY2d 1, 6, *supra*).

Courts have been reluctant to dismiss claims for contribution at the pleading stage and it has been said to be the better practice to await the trial before reaching a definitive conclusion (*Getzelman v Lacovara,* 82 AD2d 823, 824, *supra; Lopez v Precision Papers,* 69 AD2d 832, *supra*). This would appear to be the better practice in this case as well. "Summary judgment should be denied where there is any doubt, at least any significant doubt, whether there is a material, triable issue of fact" (*Phillips v Kantor & Co.,* 31 NY2d 307, 311). Because significant issues of fact exist as to whether the respective conduct of the parties was the proximate cause of plaintiff's injuries, summary judgment was improperly granted in this case (see *McMahon v Butler,* 73 AD2d 197).

Accordingly, the order granting summary judgment to Lilly should be reversed and the motion to dismiss the cross claim should be denied.

DILLON, P. J., SIMONS, CALLAHAN and BOOMER, JJ., concur.

Order unanimously reversed, with costs, and motion denied.