■ STEPHEN FREDERIC, Respondent, v ST. JOHN'S EPISCOPAL HOSPITAL (SOUTH SHORE) et al., Appellants, et al., Defendant. — In a medical malpractice action, defendants St. John's Episcopal Hospital (South Shore), Dr. Morton Schwartz, Dr. Daniel Giddings, and Dr. Burton Diamond separately appeal from an order of the Supreme Court, Nassau County (Oppido, J.), dated November 30, 1982, which denied their motions for leave to serve amended answers interposing as affirmative defenses a setoff or reduction in damages based on a settlement between plaintiff and the defendants in a companion personal injury action. ¶ Appeal by Dr. Burton Diamond dismissed, without costs or disbursements, for failure to perfect. ¶ Order reversed, insofar as appealed from by St. John's Episcopal Hospital (South Shore), Dr. Morton Schwartz and Dr. Daniel Giddings, as a matter of discretion, without costs or disbursements, their motions granted, and the supplemental answers annexed to their moving papers are deemed served. ¶ As a general rule defendants in a medical malpractice action are not entitled to apportionment if, as in this case, they are subsequent tortfeasors, since they are liable *ab initio* to a plaintiff only for the portion of his injuries attributable to their malpractice and the danger of double recovery for such injuries can be prevented by an accurate charge as to the scope of malpractice damages (see *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267; *Huffman v Coren,* 75 AD2d 575). However, in light of the policy that leave to amend pleadings should be liberally given where no prejudice would result thereby to another party (CPLR 3025, subd [b]; *Fahey v County of Ontario,* 44 NY2d 934; *Sheldon Elec. Co. v Oriental Blvd. Corp.,* 56 AD2d 886), we believe that defendants', St. John's Episcopal Hospital (South Shore), Schwartz and Giddings, motions should have been granted. The motions to amend were timely made and there is nothing on record to indicate that plaintiff would be prejudiced thereby. Further, no attempt was made by plaintiff to delimit the injuries caused by these defendants from those caused by the prior tort-feasor who settled and it is unclear from the record what portion, if any, of the

settlement was intended to satisfy his claims for medical malpractice. ¶ While we express no opinion as to whether these defendants would ultimately be entitled to a setoff pursuant to section 15-108 of the General Obligations Law, it would be premature at this stage to bar them from asserting such as an affirmative defense (cf. *Helmrich v Lilly & Co.,* 89 AD2d 441; *Getzelman v Lacovara,* 82 AD2d 823; *Lopez v Precision Papers,* 69 AD2d 832). Niehoff, J. P., Rubin, Boyers and Eiber, JJ., concur.