■ ALAN ELKINS, Plaintiff, v EASTERN AIR LINES, INC., Defendant and Third-Party Plaintiff-Appellant. NASSAU COUNTY MEDICAL CENTER et al., Third-Party Defendants-Respondents. —In an action to recover damages for personal injuries, the defendant third-party plaintiff appeals (1) as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Velsor, J.), dated May 31, 1985, as granted that branch of the third-party defendants' motion which was to dismiss the third-party complaint, and (2) from an order of the same court, dated October 7, 1985, which denied its motion for reargument.

Appeal from the order dated October 7, 1985, dismissed, without costs or disbursements. No appeal lies from an order denying reargument *(see, e.g., Fahey v County of Nassau,* 111 AD2d 214; *Amity Plumbing & Heating Supply Corp. v Zito Plumbing & Heating Corp.,* 110 AD2d 863).

Order dated May 31, 1985, reversed insofar as appealed from, without costs or disbursements, and that branch of the third-party defendants' motion which was to dismiss the third-party complaint denied.

The third-party defendants concede that Special Term erred in finding that no claim for contribution could be asserted

against them because they were successive and independent tort-feasors *(see, Schauer v Joyce,* 54 NY2d 1, 5). Special Term's reliance upon *Bergan v Home for Incurables* (75 AD2d 762) and *Zillman v Meadowbrook Hosp. Co.* (45 AD2d 267) is misplaced. Those cases stand for the proposition that a successive tort-feasor may not seek apportionment of damages from a prior tort-feasor because successive tort-feasors are only responsible for the aggravation of the original injury caused by their conduct. At bar, the appellant, as the first tort-feasor, is liable for the entire injury, and there is ample basis upon the pleadings for holding that the alleged tortious conduct of both the appellant and the third-party defendants was responsible for the plaintiff's injury *(see, Helmrich v Lilly & Co.,* 89 AD2d 441; *Wiseman v 374 Realty Corp.,* 54 AD2d 119).

We further find that the third-party complaint satisfies the basic pleading requirements of CPLR 3013 *(see, Grcic v Peninsula Hosp. Center,* 110 AD2d 625; *Torres v Southside Hosp.,* 84 AD2d 836). Mollen, P. J., Lazer, Thompson and Kunzeman, JJ., concur.