■ CHARLES L. GRAY, Plaintiff, v SANDOZ PHARMACEUTICALS, DIVISION OF SANDOZ, INC., et al., Defendants, and ANTOINETTE C. CAREY, as Executrix of WALTER A. CAREY, Deceased, Defendant and Third-Party Plaintiff-Respondent. NINA WOODROW, as Administratrix of the Estate of MORRIS WOODROW, Deceased, Third-Party Defendant-Appellant.—In a medical malpractice action, the third-party defendant appeals from an order of the Supreme Court, Westchester County (Gurahian, J.), dated April 18, 1985, which denied her motion pursuant to CPLR 3211 (a) (7) and CPLR 3212 for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

In the main action at bar, the plaintiff alleged that he sustained severe injuries as a result of the negligence of the third-party defendant's decedent, Dr. Morris Woodrow, and subsequently, as a result of the negligence of the third-party plaintiff's decedent, Dr. Walter A. Carey, because they inappropriately prescribed the drug Mellaril. On the basis of these allegations, it is apparent that Doctors Woodrow and Carey

were independent and successive tort-feasors. Generally, a claim for contribution by a subsequent tort-feasor may not be asserted against a prior, independent tort-feasor *(see, Bergan v Home for Incurables,* 75 AD2d 762; *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267, 270; *cf. Elkins v Eastern Air Lines,* 122 AD2d 104). However, where, as in the instant case, the same injuries are alleged by the plaintiff against both the prior and successive tort-feasors, a claim for contribution by the latter may be maintained against the former *(see, Helmrich v Lilly & Co.,* 89 AD2d 441, 444-445; *Getzelman v Lacovara,,* 82 AD2d 823; *Wiseman v 374 Realty Corp.,* 54 AD2d 119, 122). Thus, the court properly denied the third-party defendant's motion for summary judgment dismissing the third-party plaintiff's action for contribution.

Further, a successive tort-feasor may maintain a claim for contribution against a prior tort-feasor when the alleged negligent acts of the prior tort-feasor made likely the injuries allegedly suffered as a result of the successive tort-feasor's negligence *(see, Lopez v Precision Papers,* 69 AD2d 832; *Zillman v Meadowbrook Hosp., supra).* In this case, there is a triable question of fact as to whether Dr. Woodrow's prior negligence made likely the injuries suffered as a result of Dr. Carey's negligence. Consequently, for this reason, it was also inappropriate to grant the motion for summary judgment *(see, Phillips v Kantor & Co.,* 31 NY2d 307, 311).

Finally, we reject the third-party defendant's claim that the issue of the causal connection between Dr. Woodrow's negligence and Dr. Carey's negligence had been determined by a prior order of the Supreme Court, Westchester County (Stolarik, J.), dated October 25, 1984, which constituted the law of the case. The doctrine of law of the case does not bind this court as it applies only between courts of coordinate jurisdiction *(see, e.g., Zappolo v Putnam Hosp. Center,* 117 AD2d 597; *MacPherson v Kessef Tov Corp.,* 116 AD2d 522, *lv dismissed* 68 NY2d 661). In any event, the law of the case doctrine is not applicable at bar since the prior order did not finally determine the merits of the third-party claim for contribution *(see, Globe Indem. Co. v Franklin Paving Co.,* 77 AD2d 581). Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.