■ LINDA CONTINO et al., Plaintiffs, v LUCILLE ROBERTS HEALTH SPA, Defendant. (Action No. 1.) LINDA CONTINO et al., Plaintiffs, v SPA SHOP MANAGEMENT, INC., Doing Business as LUCILLE ROBERTS HEALTH SPA, et al., Defendants and Third-Party Plaintiffs-Respondents. JOEL HINDERSTEIN, D. C., Doing Business as BABYLON CHIROPRACTIC OFFICE, Third-Party Defendant-Appellant. (Action No. 2.)—In actions to recover damages for personal injuries, etc., the third-party defendant appeals from an order of the Supreme Court, Suffolk County (Brown, J.), dated June 28, 1985, which denied his motion for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

On numerous occasions, the appellant, a chiropractor, treated the plaintiff Linda Contino for back problems. At one visit, he advised her to take an aerobic dance class to relieve her tension headaches. About one month later, the plaintiff enrolled in an aerobic dance class at the defendants' health spa. Several months later the plaintiffs commenced the primary actions to recover damages, *inter alia,* for personal injuries sustained by Mrs. Contino as a result of the defendants' alleged negligence. The pleadings alleged that on April 2, 1981, Mrs. Contino fell and injured her back during an aerobic dance class which was overcrowded, improperly supervised, and negligently conducted by the defendants' personnel. The defendants were also allegedly negligent in failing to use due care in screening Mrs. Contino to determine if she was physically capable of taking aerobics classes or if any physical conditions disqualified her from doing so, and in failing to warn her of the dangers of aerobics to people with back problems. The defendants then brought a third-party action against the appellant for indemnification and/or contribution, alleging that his negligence in improperly advising Mrs. Contino to take an aerobics class to begin with directly contributed to her injury. The appellant moved to dismiss this third-party complaint, arguing that since his and the primary defendants' alleged torts were successive and independent, the primary defendants, as subsequent tort-feasors, could not obtain contribution from him. We disagree.

Under CPLR 1401, two or more persons subject to liability for the same personal injury may claim contribution among them whether or not an action has been brought or a judgment has been rendered against the person from whom contribution is sought. The intent of CPLR 1401 was "to expand the *right of contribution to include not only joint tortfeasors, but also concurrent tortfeasors, successive and independent tortfeasors, and alternative tortfeasors* * * * All that is required for contribution is that two people be held liable for the same personal injury" (McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C1401:3, pp 362-363; *see also, Schauer v Joyce,* 54 NY2d 1; *Williams v Mobil Oil Corp.,* 83 AD2d 434, 441; *Wiseman v 374 Realty Corp.,* 54 AD2d 119). In the case at bar, it is clear that there was only one injury. Since the pleadings set forth an ample basis for holding that it is possible that the negligence of both the primary defendants and the appellant contributed to or was responsible for the same injury, the third-party complaint should not be dismissed *(see, Schauer v Joyce, supra).* Niehoff, J. P., Rubin, Eiber and Kunzeman, JJ., concur.