■ JAMES LEWIS, Plaintiff, v YONKERS GENERAL HOSPITAL, Respondent, et al., Defendants, and LESLIE CHEIFETZ, Appellant.—In an action to recover damages for medical and dental malpractice, the defendant Dr. Leslie Cheifetz appeals from an order of the Supreme Court, Westchester County (Facelle, J.), entered December 4, 1989, which denied his motion for summary judgment dismissing the cross claim of Yonkers General Hospital insofar as asserted against him.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly lost the vision in his right eye as a result of negligent dental and medical treatment he received in November of 1986. The appellant Dr. Leslie Cheifetz, an oral surgeon, removed the plaintiff's severely decayed maxillary right first molar. The plaintiff had some swelling on the side of his nose and under his right eye at the time. When the swelling worsened the following day, Dr. Cheifetz referred the plaintiff to the respondent Yonkers General Hospital (hereinafter Yonkers General) for treatment. The plaintiff's condition continued to deteriorate and he eventually lost the vision in his right eye.

The plaintiff commenced this malpractice action against Dr. Cheifetz, Yonkers General and a number of the other doctors who treated him. Yonkers General cross claimed against Dr. Cheifetz for contribution. A stipulation of discontinuance was entered into between the plaintiff and Dr. Cheifetz. Dr. Cheifetz then moved for summary judgment dismissing the cross

claim asserted by Yonkers General insofar as asserted against him. Dr. Cheifetz claimed that as a successive tortfeasor, Yonkers General could not maintain a contribution claim against him. The Supreme Court denied the motion, finding that because it could not be determined as a matter of law that the injury was divisible among the prior and successor tortfeasors, Dr. Cheifetz and Yonkers General would be jointly and severally liable. We agree.

The liability of an independent and successive tortfeasor is generally limited to separate injuries or the aggravation caused by his conduct (see, Ravo v Rogatnick, 70 NY2d 305, 310; Suria v Shiffman, 67 NY2d 87, 98; Derby v Prewitt, 12 NY2d 100; Dubicki v Maresco, 64 AD2d 645, 646) so that a claim for contribution by a subsequent tortfeasor against a prior tortfeasor is not available (Kalikas v Artale, 124 AD2d 645; Zillman v Meadowbrook Hosp. Co., 45 AD2d 267, 270-271; see also, Bergan v Home for Incurables, 75 AD2d 762; Pezzella v Catholic Med. Center, 52 AD2d 596). However, where the plaintiff's injury is such that it is incapable of a reasonable or practicable division or allocation between the tortfeasors, the focus shifts to the relative degree of fault of the multiple tortfeasors and contribution becomes appropriate (CPLR 1401; Ravo v Rogatnick, supra; Contino v Roberts Health Spa, 125 AD2d 437; Helmrich v Lilly & Co., 89 AD2d 441; Wiseman v 374 Realty Corp., 54 AD2d 119; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 1401.11; McLaughlin, Practice Commentaries, McKinney's Cons Law of NY, Book 7B, CPLR C1401:3, at 362-363).

On the record before us, it cannot be said as a matter of law that the plaintiff's injury is capable of any reasonable or practicable division or allocation among the prior and successive tortfeasors. Accordingly, Yonkers Hospital may properly maintain a cross claim for contribution against Dr. Cheifetz (see, CPLR 1401; Contino v Roberts Health Spa, supra; Helmrich v Lilly & Co., supra; Wiseman v 374 Realty Corp., supra). Kunzeman, J. P., Kooper, Sullivan and Lawrence, JJ., concur.