■ MAX SILVER et al., Respondents, v SPORTSSTUFF, INC., et al., Defendants, and COAST DISTRIBUTION SYSTEM, INC., Appellant. (And Third-Party Actions.) [12 NYS3d 892]—

In an action to recover damages for personal injuries, etc., the defendant Coast Distribution System, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), dated July 8, 2013, as granted its motion for leave to amend its answer to plead the affirmative defense of setoff as provided by General Obligations Law § 15-108 only to a limited extent.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendant Coast Distribution System, Inc., is granted in its entirety.

The injured plaintiff, Max Silver, and his wife suing derivatively, commenced this action against the manufacturer, retailer, and alleged distributors of a certain product, alleging, inter alia, strict products liability and breach of warranty. The manufacturer of the product filed for bankruptcy protection, and the plaintiffs received the sum of $84,448.41 in the bankruptcy settlement. One of the alleged distributors, the defendant Coast Distribution System, Inc. (hereinafter Coast), subsequently moved for leave to amend its answer to plead the affirmative defense of setoff as provided by General Obligations Law § 15-108. The Supreme Court granted the motion to the limited extent of permitting Coast to assert the affirmative defense of setoff only with respect to the sum of $84,448.41 the plaintiffs received from the manufacturer.

The Supreme Court correctly concluded that Coast should be

permitted to amend its answer to plead the affirmative defense of setoff as provided by General Obligations Law § 15-108 (see *Schaffer v Batheja*, 76 AD3d 970, 973 [2010]; *Frenz v Mettu*, 15 AD3d 539, 540 [2005]). However, "in light of the policy that leave to amend pleadings should be liberally given where no prejudice would result thereby to another party," the Supreme Court erred in limiting Coast's assertion of the affirmative defense (*Frederic v St. John's Episcopal Hosp.*, 100 AD2d 571, 571 [1984]). It is premature, at this stage, to make any determination as to the amount of any potential setoff to which Coast may be entitled (see *id.* at 572).

Accordingly, the Supreme Court should have granted Coast's motion in its entirety. Skelos, J.P., Hall, Sgroi and Barros, JJ., concur.