■ NANCY FISHER, Respondent, v TINA PRESTON et al., Respondents, and VALLEY EQUIPMENT, INC., Appellant, et al., Defendants. [674 NYS2d 516] —Peters, J. Appeal from that part of an amended order of the Supreme Court (Dawson, J.), entered January 23, 1997 in Essex County, which denied defendant Valley Equipment, Inc.'s motion for summary judgment dismissing all cross claims against it.

Concerned that a collision by defendant Tina Preston with a gasoline dispenser on plaintiff's property damaged above- and below-ground storage tanks and a piping system, defendants Travelers Company and Valley Equipment, Inc. were hired to perform a precision test of the tank and piping system. Subsequently, it was discovered that gasoline was released and discharged into the soil and groundwater.

Upon a determination by the Department of Environmental Conservation that contamination existed on the property and that plaintiff would be responsible for all costs incurred in connection with the cleanup and removal thereof pursuant to Navigation Law article 12 (see, Navigation Law § 170 *et seq.*), plaintiff commenced this action to recover all costs incurred or to be incurred with respect to the cleanup and remediation of the property, as well as a declaration that all defendants would be required to indemnify her for any liability which she may incur to the State in connection therewith. After joinder of issue and the assertion of cross claims for contribution and/or indemnification, Preston and Travelers moved for dismissal upon timeliness grounds which was denied upon the assertion by plaintiff that they were precluded from raising such defense since they agreed, on the record, to toll the Statute of Limitations on these claims during an appearance in a related Federal

action in New Jersey. Valley, however, was successful in its motion for dismissal of the complaint upon these grounds since it was not a party to the aforementioned stipulation. Yet, as to that portion of its motion which sought dismissal of all cross claims seeking contribution and/or indemnification, relief was denied. Valley now appeals only that part of the order.

Upon our review, we find no merit to the contention that dismissal of the underlying causes of action on Statute of Limitations grounds warrants the dismissal of all claims seeking indemnification and/or contribution since those claims do not accrue, for Statute of Limitations purposes, until payment is made on the underlying claim (*see, McDermott v City of New York*, 50 NY2d 211, 217; *White v Long*, 229 AD2d 178, 182). With payment not yet made, the claim has not yet accrued.

With respect to Valley's assertion that the failure of the other defendants to oppose its motion for dismissal should have resulted in the relief it requested, we again disagree since Valley failed to sustain its initial burden of demonstrating entitlement to judgment as a matter of law on the issue of liability with respect to the cross claims (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853).

Cardona, P. J., Mercure, White and Spain, JJ., concur. Ordered that the amended order is affirmed, with one bill of costs.