■ RICHARD A. SPRAGUE, Plaintiff, v MICHAEL MARSHALL et al., Defendants and Third-Party Plaintiffs-Appellants. LAWRENCE D'ANGELO, Third-Party Defendant-Respondent. (Appeal No. 1.) [789 NYS2d 570]—

Appeal from an order of the Supreme Court, Livingston County (Ronald A. Cicoria, A.J.), entered December 22, 2003. The order, insofar as appealed from, granted that part of the cross motion of third-party defendant seeking to dismiss the third-party complaint.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, the cross motion is denied in part and the third-party complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking to recover damages arising from a fire at his home that originated on defendants' neighboring premises. Defendants in turn commenced a third-party action seeking "contribution and/or indemnification" from third-party defendant, a contractor who was alleged to have negligently caused the fire. Supreme Court erred in granting that part of the cross motion of third-party defendant that sought to dismiss the third-party complaint as time-barred. A cause of action for indemnity or contribution does not accrue for purposes of the statute of limitations until payment has been made by the party seeking to recover (*see State of New York v Stewart's Ice Cream Co.*, 64 NY2d 83, 88-89 [1984]; *McDermott v City of New York*, 50 NY2d 211, 217-220 [1980]; *Fisher v Preston*, 251 AD2d 843, 844 [1998]). Because it is undisputed that no payment had been made by defendants to plaintiff, the statute of limitations on defendants' third-party cause of action had not begun to run. Present—Green, J.P., Hurlbutt, Scudder, Lawton and Hayes, JJ.