■ Dawn Rogovin, Appellant-Respondent, v Jerrold I. Wasserman, D.D.S., Respondent-Appellant. [795 NYS2d 571]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered November 19, 2004, which granted defendant's motion to the extent of setting aside the jury verdict as to future pain and suffering and ordering a new trial on all damages for pain and suffering unless plaintiff stipulated to reduce the award for future pain and suffering from $350,000 to $100,000, unanimously affirmed, without costs.

The trial court did not err in refusing to add plaintiff's prior treating dentist to the verdict sheet for the purpose of apportionment. Even if this Court were to amend defendant's answer sua sponte to conform to the proof at trial, it was still not necessary to add the prior treating dentist to the verdict sheet. As a general rule, defendants in a medical malpractice action are not entitled to apportionment if, as in this case, they are subsequent tortfeasors, since they are liable ab initio only for the portion of a plaintiff's injuries attributable to their malpractice, and the danger of double recovery for such injuries can be prevented by an accurate charge as to the scope of malpractice damages (see Zillman v Meadowbrook Hosp. Co., 45 AD2d 267 [1974]). Here, the danger of double recovery for aggravation of injuries was amply prevented when the jury was instructed that defendant

bore no responsibility for plaintiff's condition prior to her coming under his care, and that he was only responsible for injuries that he negligently inflicted on her (*see Huffman v Coren*, 75 AD2d 575 [1980]).

While defendant has the right to seek contribution under CPLR 1403 from subsequent treating dentists (*see Sprague v Marshall*, 15 AD3d 853 [2005]), here defendant failed to serve a third-party complaint against such dentists during the 16 to 18 years that this action was pending. The failure to add those dentists to the verdict sheet does not constitute reversible error. We note that CPLR article 16 took effect after the commencement of this action.

The $350,000 award for past pain and suffering, which covers 21 years, does not deviate materially from what is reasonable compensation under the circumstances (*Spiselman v Empire State Dental Group*, 232 AD2d 296 [1996], *lv dismissed in part and denied in part* 89 NY2d 1027 [1997]). However, the identical award for future pain and suffering, which covers a substantially shorter period of time, was properly reduced because there is no factual or expert testimony from any witness that such future pain and suffering will be greater than what plaintiff has suffered in the past.

As to the admissibility of the literature proffered by plaintiff and excluded by the trial court, we cannot consider the issue as the material is not reproduced in the record. We have considered the parties' remaining arguments for affirmative relief and find them unavailing. Concur—Andrias J.P., Friedman, Marlow, Nardelli and Williams, JJ.