■ JANIS DANSBY, Respondent-Appellant, v JOSEPH TRUMPATORI, Defendant, and JERRY H. LYNN, D.D.S., Appellant-Respondent. [805 NYS2d 351]—

Judgment, Supreme Court, Bronx County (Alan Saks, J.), entered June 3, 2004, after a jury trial in an action for dental malpractice, apportioning fault 85% as against defendant-appellant, and, upon plaintiff's stipulation in lieu of a new trial on damages, awarding plaintiff $350,000 for past pain and suffering, reduced from $850,000, and $21,000 for future dental ex-

penses, reduced from $65,000, unanimously modified, on the law, to increase the award for future dental treatment to $41,000, and otherwise affirmed, without costs.

The award for past pain and suffering, as reduced by the trial court, does not materially deviate from what is reasonable compensation, where, inter alia, plaintiff's temporary caps fell out, her permanent caps came loose, her crowns were too bulky, and her bridge was not fitted properly, causing inflamed gums, abscesses, bone loss, tooth decay and severe pain (*cf. Rogovin v Wasserman*, 18 AD3d 400 [2005]; *Green v Blanket*, 18 AD3d 278 [2005]; *Hardwick v Fensterstock*, 258 AD2d 330 [1999]). Plaintiff's evidence supports a finding of $41,000 for future damages, and no reason appears for a reduction of the jury's award beyond that amount. A fair interpretation of the evidence supports the jury's finding of continuous treatment, largely one of credibility (*see Dansby v Trumpatori*, 298 AD2d 265 [2002]). The evidence also supports the jury's apportionment of liability, it appearing that defendant not only formulated, but was also actively involved in implementing, the defective treatment plan. Under the circumstances, it was not reversible error to permit plaintiff's attorney to raise, for impeachment purposes only, defendant's suspension from the practice of dentistry. Concur—Tom, J.P., Friedman, Nardelli, Sweeny and Malone, JJ.