■ Arrin C., Appellant-Respondent, v New York City Department of Education et al., Respondents-Appellants. [987 NYS2d 140]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered November 10, 2011, after a jury trial, which, to the extent appealed from as limited by the briefs, denied so much of defendants' posttrial motion as sought to set aside the verdict as to liability, and granted so much of the motion as sought to set aside the verdict as to damages, to the extent of ordering a new trial on the issue of damages unless plaintiff consents to reduce the amount awarded for past and future pain and suffering from $4.6 million to $250,000, unanimously affirmed, without costs.

Plaintiff, then 11 years old, sustained injuries to his mouth while in school. One of his teeth was knocked out, and another was knocked into his upper jaw, requiring extraction. Plaintiff, who is autistic, did not testify at trial. Defendants presented no evidence at trial.

The evidence presented by plaintiff, inter alia, showed that the individual defendants, a teacher and a paraprofessional, did not know how plaintiff, who required intensive supervision, injured himself. The evidence is sufficient to support the jury's finding that defendants are liable for negligent supervision, and the finding accords with the weight of the evidence (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Thus, we reject defendants' contention that the verdict was based solely on negative inferences drawn by the jury from the fact that the individual defendants did not testify (*see Laffin v Ryan*, 4 AD2d 21, 26-27 [3d Dept 1957]).

The reduced award of $250,000 for past and future pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Garber v Lynn*, 79 AD3d 401 [1st Dept 2010]; *Dansby v Trumpatori*, 24 AD3d 192 [1st Dept 2005]; *Atkinson v Buch*, 17 AD3d 222 [1st Dept 2005]).

We have reviewed defendants' remaining contentions, including their challenges to the trial court's evidentiary rulings, and find them unavailing. Concur—Tom, J.P., Friedman, Renwick, Gische and Clark, JJ.