**21** NIKOLAOS KALIKAS et al., Plaintiffs, v CHARLES R. ARTALE, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. CARL ABRAHAM, Third-Party Defendant-Respondent. (And Another Action.)

The plaintiff Nikolaos Kalikas injured his back on or about August 29, 1980, while performing construction work at the home of the third-party defendant Carl Abraham. Abraham purchased "painkillers" for the plaintiff and arranged for him to see the defendant Dr. Charles R. Artale, a chiropractor, who treated the plaintiff on September 2, 1980. On September 3, 1980, the plaintiff was treated by Dr. Angelo Arthur Protos, a physician. On September 4, 1980, the plaintiff was admitted to the emergency room of Staten Island Hospital where a "herniated disc L-4, L-5" was diagnosed and a laminectomy performed.

The plaintiff and his wife commenced this action against Drs. Artale and Protos sounding in chiropractic and medical malpractice. Thereafter, Dr. Artale commenced a third-party

action against Carl Abraham for contribution, essentially for negligence associated with the maintenance of his premises. Thereafter, Dr. Protos commenced an almost identical third-party action.

After joinder of issue, Abraham moved for summary judgment dismissing Dr. Artale's third-party complaint. Both Dr. Artale and Dr. Protos opposed the motion, and Special Term granted the motion and dismissed both third-party complaints against Abraham. An appeal was taken only by Dr. Artale.

On the record before us, Dr. Artale cannot prevail in his action for contribution against Abraham under the theories advanced by him. With respect to the alleged negligence by Abraham in maintaining his property and causing the plaintiff's injuries, Abraham is clearly a prior independent tortfeasor and cannot be liable for contribution under these circumstances (see, *Zillman v Meadowbrook Hosp. Co.,* 45 AD2d 267; *Frederic v St. John's Episcopal Hosp.,* 100 AD2d 571). Any such negligence by Abraham did not render the malpractice by Drs. Artale and Protos more "likely" (see, *Zillman v Meadowbrook Hosp. Co., supra).* Further, assuming that Abraham's negligence caused the initial injury, the exacerbation and aggravation of such condition allegedly caused by the doctors can be separated and evaluated by a jury. The injuries are not inseparable such as those involving a wrongful death action (see, *Wiseman v 374 Realty Corp.,* 54 AD2d 119; *Kucinski v Rish,* 108 Misc 2d 188; 2A Weinstein-Korn-Miller, NY Civ Prac ¶ 1401.11; see also, *Frederic v St. John's Episcopal Hosp., supra).*

Dr. Artale's somewhat novel argument that Abraham can be liable for contribution for providing the plaintiff with "painkillers" and arranging an appointment for the plaintiff to see Dr. Artale is without merit. Assuming Abraham acted as a "volunteer" in aiding the plaintiff, the record is devoid of any proof that Abraham did not act as a reasonably prudent lay person under the circumstances or that he caused the plaintiff's treatment to be unreasonably delayed (see generally, *Clark v State of New York,* 195 Misc 581, *affd* 276 App Div 10, *rearg denied* 276 App Div 940, *affd* 302 NY 795; *Rockwell v State of New York,* 32 Misc 2d 167, *affd* 19 AD2d 946; see also, *Middelton v Whitridge,* 213 NY 499; *Zelenko v Gimbel Bros.,* 158 Misc 904, *affd* 247 App Div 867; *Plutner v Silver Assoc.,* 186 Misc 1025; *Duty and liability on one who voluntarily undertakes to care for injured person,* Ann., 64 ALR2d 1179).

Accordingly, Special Term properly granted Abraham's mo-

tion for summary judgment and dismissed the third-party action against him. Mangano, J. P., Brown, Rubin and Spatt, JJ., concur.