■ RALPH DUBREY et al., as Conservators of TERRENCE DUBREY, Plaintiffs, v CHAMPLAIN VALLEY PHYSICIANS HOSPITAL MEDICAL CENTER et al., Defendants and Third-Party Plaintiffs-

Respondents; PATRICK A. CHASE et al., Third-Party Defendants-Appellants, et al., Third-Party Defendants. Crew III, J.—Appeal from an order of the Supreme Court (Ryan, Jr., J.), entered February 5, 1992 in Clinton County, which denied certain third-party defendants' motions for summary judgment dismissing the third-party complaints and all cross claims against them.

Plaintiffs commenced this medical malpractice action on behalf of their son, Terrence Dubrey, alleging that defendants' failure to timely diagnose and treat Dubrey's head injuries resulted in his sustaining permanent and severe neurological damage. Dubrey was treated by defendants following an alleged altercation with Patrick A. Chase, Mark A. Chase and John A. Shusda. Defendants thereafter commenced third-party actions for contribution against, among others, the Chases, Shusda, Kenneth J. Gregory, individually and doing business as Greg's Tavern, and Sorrell Woodward Post 1623, Inc., American Legion (hereinafter the American Legion) alleging, *inter alia,* that the named taverns had served alcohol to Dubrey, the Chases and Shusda knowing that they were intoxicated.

The American Legion subsequently moved for summary judgment dismissing the third-party complaints and all cross claims asserted against it and Gregory. The Chases and Shusda (hereinafter collectively referred to as third-party defendants) cross-moved for the same relief.* Supreme Court denied the motion and cross motions, finding that third-party defendants had failed to establish that the injuries sustained by Dubrey could be reasonably allocated among the alleged prior and successive tortfeasors. This appeal by third-party defendants followed.

We affirm. It is well settled that "[t]he liability of an independent and successive tortfeasor is generally limited to separate injuries or the aggravation caused by his conduct * * * so that a claim for contribution by a subsequent tortfeasor against a prior tortfeasor is not available" *(Lewis v Yonkers Gen. Hosp.,* 174 AD2d 611, 612 [citations omitted]; *see, Kalikas v Artale,* 124 AD2d 645, 646). Thus, as a general rule, defendants in a medical malpractice action are not entitled to apportionment where they are subsequent tortfeasors, because

---

* Defendants also brought a third-party action against Henry R. Chase and Wayne Tolbert, individually and doing business as Tolbert's Mineshaft Bar. Tolbert orally joined in the motions before Supreme Court but neither is a party to this appeal.

their liability extends only to that portion of the plaintiff's injuries attributable to their malpractice *(see, Frederic v St. John's Episcopal Hosp.,* 100 AD2d 571). Where, however, "the plaintiff's injury is such that it is incapable of a reasonable or practicable division or allocation between the tortfeasors, the focus shifts to the relative degree of fault of the multiple tortfeasors and contribution becomes appropriate" *(Lewis v Yonkers Gen. Hosp., supra,* at 612; *see, Ravo v Rogatnick,* 70 NY2d 305, 310-312; *Wiseman v 374 Realty Corp.,* 54 AD2d 119, 122).

As the moving parties, third-party defendants bore the burden of tendering sufficient proof in admissible form to establish that Dubrey's injuries could be reasonably allocated or divided among the alleged prior and successive tortfeasors *(see generally, Graff v Amodeo,* 178 AD2d 901, 902). On the record before us, we cannot conclude as a matter of law that Dubrey's injuries are capable of any such allocation or division *(compare, Kalikas v Artale, supra).* Although third-party defendants attempted to establish through the examination before trial testimony of various medical personnel that Dubrey did not exhibit any signs of neurological damage until several hours after his admission, purportedly giving rise to the inference that the initial blow to the head did not cause the resulting neurological damage, this alone does not conclusively establish that the injuries ultimately sustained by Dubrey were solely the result of defendants' alleged malpractice. Accordingly, the respective motions for summary judgment were properly denied.

Mikoll, J. P., Yesawich Jr., Mercure and Casey, JJ., concur. Ordered that the order is affirmed, with costs.

