◼ GREG HOVSEPIAN, Plaintiff, v DEBORAH KLEINMAN-CINDRICH, Defendant and Third-Party Plaintiff-Respondent. L.D. COMMERCIAL INC., Doing Business as LAGER YACHT SALES, Third-Party Defendant-Appellant. [641 NYS2d 61] —In an action to recover damages for chiropractic malpractice, the third-party defendant appeals from an order of the Supreme Court, Nassau County (Ain, J.), entered March 31, 1995, which denied its motion for summary judgment dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the third-party complaint is dismissed.

The plaintiff allegedly injured his back while working for the third-party defendant. He subsequently sought treatment for his injuries from the defendant, a chiropractor, on eight oc-

casions over a three-month period. Two days after his last treatment, he was admitted to the hospital and a double laminectomy was performed.

The plaintiff then commenced this action against the defendant for chiropractic malpractice. Thereafter, the defendant commenced a third-party action against the plaintiff's employer for contribution. The Supreme Court denied the third-party defendant's motion for summary judgment dismissing the third-party complaint. We reverse.

In this case, the liability of the defendant is limited to any exacerbation or aggravation of the plaintiff's initial injury caused by her alleged malpractice. Where, as here, the plaintiff's injuries can reasonably be divided or allocated between the alleged tortfeasors, an independent successive tortfeasor cannot maintain a claim for contribution against a prior tortfeasor (*see, Kalikas v Artale,* 124 AD2d 645). Rosenblatt, J. P., Copertino, Altman and Friedmann, JJ., concur.