■ VALMARIE EICK, Plaintiff, v STATEN ISLAND ORTHOPAEDIC ASSOCIATES, P. C., et al., Defendants and Third-Party Plaintiffs-Appellants. K-MART CORPORATION, Third-Party Defendant-Respondent. [722 NYS2d 880] —In an action, *inter alia,* to recover

damages for medical malpractice, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Richmond County (Lebowitz, J.), dated June 5, 2000, which granted the motion of the third-party defendant for summary judgment dismissing the third-party complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured when she fell while working for the third-party defendant, K-Mart Corporation (hereinafter K-Mart). She thereafter received medical treatment from the appellants. She commenced an action against the appellants, *inter alia*, to recover damages for medical malpractice, alleging that she developed, among other injuries, a permanent and untreatable form of reflex sympathetic dystrophy because of their failure to properly and timely diagnose and treat the injuries she sustained in the fall. The appellants thereafter commenced a third-party action against K-Mart for contribution.

The appellants' liability, if any, is based on the exacerbation or aggravation of the plaintiff's initial injuries that they caused by their alleged medical malpractice in treating her, and is successive to and independent of any liability of K-Mart (*see, Ravo v Rogatnick,* 70 NY2d 305). K-Mart made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the liability for the plaintiff's alleged injuries could reasonably be divided or allocated between it and the appellants, and that the appellants, as independent successive tortfeasors, cannot maintain a claim for contribution against it as a prior tortfeasor (*see, Ravo v Rogatnick, supra*; *Hovsepian v Kleinman-Cindrich,* 226 AD2d 431; *Kalikas v Artale,* 124 AD2d 645). In opposition, the appellants failed to raise a triable issue of fact. Therefore, the Supreme Court properly granted the motion for summary judgment dismissing the third-party complaint. Bracken, P. J., O'Brien, Ritter and Goldstein, JJ., concur.