[Cite as *Barker v. Emergency Professional Serv., Inc.*, 2013-Ohio-5819.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JEFFREY BARKER, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2012-T-0098** |
| EMERGENCY PROFESSIONAL SERVICES, INC., et al., | : | |
| | : | |
| Defendants, | : | |
| HAROLD ROBINSON, M.D., et al., | : | |
| Defendant/ Third Party Plaintiff-Appellant, | : | |
| - vs - | : | |
| CLARENCE SPEAKER, et al., | : | |
| Third Party Defendants-Appellees. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2010 CV 2566.

Judgment: Affirmed.


*Martin F. White*, Martin F. White Co., L.P.A., 156 Park Avenue, N.E., P.O. Box 1150, Warren, OH 44482-1150 (For Plaintiffs-Appellees).

*Timothy A. Spirko* and *Dirk E. Riemenschneider*, Buckingham, Doolittle & Burroughs, LLP, One Cleveland Center, Suite 1700, 1375 East Ninth Street, Cleveland, OH 44114 (For Defendant/Third Party Plaintiff-Appellant).

*Adam E. Carr*, The Carr Law Office, L.L.C., 5824 Akron-Cleveland Road, Suite A, Hudson, OH 44236 (For Third Party Defendants-Appellees).

TIMOTHY P. CANNON, P.J.

{¶1} Defendant/third party plaintiff-appellant, Harold Robinson, M.D., appeals the judgment of the Trumbull County Court of Common Pleas dismissing his third-party complaint against third party defendants-appellees, Cynthia and Clarence Speaker, pursuant to Civ.R. 12(B)(6), and granting plaintiffs-appellees, Jeffrey and Shirley Barker's, partial motion for summary judgment. For the reasons that follow, we affirm.

{¶2} On June 18, 2010, Jeffrey Barker was at the Speakers' home. That evening, Mr. Barker apparently dove off a diving board into the Speakers' lake.

{¶3} Unfortunately, Mr. Barker did not immediately resurface. His son pulled Mr. Barker out of the lake, CPR was administered, and 9-1-1 was called. When emergency assistance arrived, Mr. Barker was unconscious. He was transported to Forum Health, d.b.a. Trumbull Memorial Hospital. Mr. Barker remained at Trumbull Memorial Hospital for three days before being transported to MetroHealth Medical Center. It is undisputed that Mr. Barker now suffers from quadriplegia. It is alleged that Mr. Barker received improper care constituting medical malpractice, which ultimately exacerbated the extent of his injuries.

{¶4} Mr. Barker, with his wife and two minor children, initiated a medical malpractice action against multiple defendants, including Dr. K.N. Amirthalingam (hereinafter referred to as "Dr. Amir"), Dr. Harold Robinson, and Dr. Zachary Veres, as well as Emergency Professional Services, Forum Health d.b.a. Trumbull Memorial Hospital and several of its employees, and a number of other groups and physicians. Several defendants were voluntarily dismissed.

2

{¶5} The complaint alleged that on June 18, 2010, Mr. Barker was brought to Trumbull Memorial Hospital in an unconscious state and in respiratory arrest after diving off a diving board into a lake. The complaint further alleged that Mr. Barker's medical providers, including Dr. Robinson, negligently failed to "recognize that [Mr. Barker] may have suffered an injury to his neck and negligently failed to immobilize his cervical spine." It is further alleged that defendants "failed to properly diagnose [Mr. Barker's] condition"; "negligently failed to order appropriate radiological studies"; "negligently failed to order a consult with trauma services regarding [Mr. Barker's] condition"; and "negligently failed to immobilize his cervical spine." It is alleged that as a result of the named defendants' negligence, Mr. Barker suffered irreversible and permanent spinal cord injury resulting in quadriplegia. The lawsuit was brought solely against medical co-defendants and not against the owners of the pond, the Speakers. The complaint does not seek any damages for injuries that occurred prior to Mr. Barker arriving at the hospital.

{¶6} On June 18, 2012, Dr. Robinson, with leave of court, filed a third-party complaint against the Speakers alleging negligence and that Mr. Barker suffered injury as a direct and proximate result of their negligence. The third-party complaint alleged the Speakers "failed to maintain the premises and caused, allowed to be caused or failed to remove a nuisance and endangerment to the public in general, including a nuisance and endangerment to the public in general, including a nuisance and endangerment to [Mr. Barker]," and "as a direct and proximate result of the creation of the nuisance and endangerment, or the failure to maintain the premises," Mr. Barker suffered injuries. Dr. Robinson sought "contribution or partial indemnification for any

3

judgment that may be obtained" or "any settlement that may be paid by the Defendant/Third-Party Plaintiff to the Plaintiffs and for all attorneys' fees and costs incurred herein."

{¶7} Subsequently, Dr. Amir and Forum Health filed a motion to join the third-party complaint against the Speakers. The Barkers filed a motion to strike or sever the third-party complaint. The Speakers filed a motion to dismiss the third-party complaint on the grounds that it failed to state a claim upon which relief could be granted. During the pendency of those motions, the Speakers filed an answer to the third-party complaint. Thereafter, the Speakers filed a motion for summary judgment on the third-party complaint based on R.C. 1533.181—the recreational use immunity doctrine.

{¶8} During the pendency of these motions, the Barkers were granted leave to file a motion for partial summary judgment. In the motion for partial summary judgment, the Barkers maintained that Dr. Robinson, Dr. Amir, and Forum Health each raised affirmative defenses predicated on claims of wrongdoing on the part of Mr. Barker, i.e., contributory negligence and assumption of the risk.

{¶9} In response to the Barkers' motion for partial summary judgment, Dr. Amir submitted a brief in opposition and requested an extension of time under Civ.R. 56(F) to conduct expert discovery. Dr. Robinson and Forum Health withdrew their affirmative defenses of contributory negligence and assumption of the risk and argued their withdrawal rendered the Barkers' motion for partial summary judgment moot. Dr. Amir did not withdraw the affirmative defenses and, instead, filed a brief in opposition to the motion for partial summary judgment.

4

{¶10} A hearing was held on the dispositive motions. However, the assignment office failed to indicate on the hearing notice that the Speakers' motion for summary judgment on the third-party complaint would be heard on the date indicated. The trial court issued a judgment entry on November 6, 2012, ruling on the dispositive motions, including a grant of the Speakers' motion for summary judgment on the third-party complaint, which it addressed on the merits.

{¶11} Dr. Robinson filed a notice of appeal. Thereafter, he filed a motion to remand for clarification by the trial court, as the November 6, 2012 judgment entry granted both the Speakers' motion to dismiss the third-party complaint and the Speakers' motion for summary judgment.

{¶12} This court remanded the matter to the trial court "for the sole purpose of allowing the trial court to rule on appellant's November 26, 2012 motion to amend its entry and for the trial court to review the November 6, 2012 judgment entry to determine whether a clerical error has occurred and if it needs to clarify its ruling."

{¶13} The trial court then issued a nunc pro tunc entry on February 12, 2013. In that entry, the trial court held in abeyance the Speakers' motion for summary judgment on the third-party complaint pending the decision on appeal.

{¶14} In ruling on the other outstanding motions, the trial court dismissed Dr. Robinson's third-party complaint, "joined by other Defendants," with prejudice; granted the Speakers' motion to dismiss said third-party complaint; granted the Barkers' motion for partial summary judgment as to the affirmative defenses of contributory negligence and assumption of the risk; and rendered the Barkers' motion to strike or sever Dr. Robinson's third-party complaint as moot. In rendering the Barkers' motion to strike or

sever Dr. Robinson's third-party complaint moot, the trial court noted the motion would have been granted if not for the subsequent motion to dismiss filed by the Speakers. The trial court also noted the defenses of contributory negligence and assumption of the risk would be unavailable to any of the defendants. The Speakers were dismissed with prejudice.

{¶15} With respect to its dismissal of the third-party complaint, the trial court stated the following:

> In this case, Dr. Robinson is not a joint tortfeasor, as he is not jointly liable with the Speakers, if at all, for the same injuries suffered by Jeffrey Barker. The Speakers can only be negligent for the injuries suffered by Mr. Barker at the lake, while Dr. Robinson can only be held liable for the injuries that resulted from any negligence in his medical treatment of Jeffrey Barker. The same logic applies to the other medical provider Defendants in this case. These are separate alleged "wrongful acts," not concurrent ones. Furthermore, Dr. Robinson has not paid anything in this case and does not have standing to bring a premises liability action, or an action for contribution, against the Speakers.
>
> The Court finds that R.C. 2307.25 is inapplicable and further finds that the Defendants lack standing to sue the Speakers for Mr. Barker's injuries suffered at the lake. Finally, even if they did have standing to sue for Mr. Barker's bodily injuries, they have failed to do so within the applicable statute of limitations for bodily injury, which is two years. R.C. 2305.10(A).
>
> The Court also agrees with the Plaintiffs that the defenses of contributory negligence and assumption of risk (as it relates to Mr. Barker's decision to jump off a diving board into a pond) will not be available to any of the Defendants as defenses at trial. The Defendants have every right to argue that their care did not make Mr. Barker's condition worse, and Mr. Barker's condition at the time he entered their care is extremely relevant and may be developed through discovery and ultimately through testimony in this case.

{¶16} Dr. Robinson filed a notice of appeal and asserts four assignments of error for our review:

[1.] Whether the trial court committed prejudicial error in granting the motion to dismiss of Third-Party Defendants, Clarence Speaker and Cynthia Speaker, based upon its opinion that Dr. Robinson and the Speakers were not joint tortfeasors.

[2.] Whether the trial court committed prejudicial error in granting the motion to dismiss of Third-Party Defendants, Clarence Speaker and Cynthia Speaker, based upon its opinion that Dr. Robinson did not have standing to bring an action for contribution, making O.R.C. 2307.25 inapplicable.

[3.] Whether the trial court erred in granting the motion to dismiss Third-Party Defendants, Clarence Speaker and Cynthia Speaker, based upon the expiration of the statute of limitations.

[4.] Whether the trial court erred in granting the motion for partial summary judgment of plaintiff, Jeffrey Barker against Defendant Harold Robinson, M.D. when the issue was moot due to Defendant's withdrawal of the affirmative defenses at issue in the motion.

{¶17} As Dr. Robinson's first three assignments of error relate to the dismissal of his third-party complaint against the Speakers, we address them in a consolidated fashion. First, Dr. Robinson argues the trial court erred in determining that he and the Speakers were not joint tortfeasors. Second, Dr. Robinson maintains the trial court erred in holding his third-party complaint did not satisfy the notice pleading requirement in setting forth a claim for contribution. Third, Dr. Robinson alleges the trial court went beyond the four corners of the complaint when it determined that the alleged negligence of Dr. Robinson and the Speakers constituted separate wrongful acts, not concurrent ones, that resulted in distinct injuries to Mr. Barker.

{¶18} In response, the Speakers, while acknowledging they do not "entirely agree with the reasoning of the trial court," agree with the dismissal of the third-party complaint. The Speakers maintain that Dr. Robinson does not have a claim for contribution because a physician cannot make such a claim against a prior non-medical

7

tortfeasor for tortious conduct that occurred prior to the beginning of the patient-physician relationship. Next, the Speakers note the claims brought by Dr. Robinson are not the proper subject matter for a third-party complaint, and further, the third-party complaint fails to state a claim upon which relief can be granted.

{¶19} Our review of a trial court's ruling on a Civ.R. 12(B) motion is de novo. *Perrysburg Twp. v. City of Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, ¶5. Pursuant to Civ.R. 12(B)(6), a complaint may be dismissed for failure to state a claim when it appears "beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *Cleveland Elec. Illum. Co. v. PUC*, 76 Ohio St.3d 521, 524, (1996), citing *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975). "As long as there is a set of facts consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss." *Huffman v. City of Willoughby*, 11th Dist. Lake No. 2007-L-040, 2007-Ohio-7120, ¶18, citing *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶5.

{¶20} "[W]hen a party files a motion to dismiss for failure to state a claim, all the factual allegations of the complaint must be taken as true and all reasonable inferences must be drawn in favor of the non-moving party." *Byrd v. Faber*, 57 Ohio St.3d 56, 60 (1991). Our scrutiny, therefore, is limited to the "four corners" of Dr. Robinson's third-party complaint.

{¶21} Dr. Robinson filed a third-party complaint against the Speakers seeking contribution or partial indemnification. Dr. Robinson is not entitled to indemnification from the Speakers; there was no allegation of an express or implied contract between

8

Dr. Robinson and the Speakers, thereby creating a duty by one party to indemnify the other. *See Hoffman v. Fraser*, 11th Dist. Geauga No. 2010-G-2975, 2011-Ohio-2200, ¶69, quoting *Casto v. Sanders*, 11th Dist. Portage No. 2004-P-0060, 2005-Ohio-6150, ¶5 ("'[i]ndemnity arises from contract, * * * and is the right of a person, who has been compelled to pay what another should have paid to require complete reimbursement'"). The trial court did not err in determining that the third-party complaint, as presently constituted, failed to state a claim against the Speakers for indemnification.

{¶22} A party's right to contribution, however, is determined by R.C. 2307.25(A). That section provides, in pertinent part:

> [I]f one or more persons are jointly and severally liable in tort for the same injury or loss to person or property * * *, there may be a right of contribution even though judgment has not been recovered against all or any of them. The right of contribution exists only in favor of a tortfeasor *who has paid* more than that tortfeasor's proportionate share of the common liability, and that tortfeasor's total recovery is limited to the amount *paid by that tortfeasor in excess of that tortfeasor's proportionate share*.

{¶23} At the outset, we note that in dismissing Dr. Robinson's third-party complaint against the Speakers, the trial court misconstrued the application of the statute of limitations in this matter, finding that even if Dr. Robinson has standing, the third-party complaint is barred by the two-year statute of limitations for bodily injury. "The applicable statute of limitations for such claims does not begin to run against defendant (third party defendant) until judgment has been entered against the defendant, and perhaps not until the judgment has been paid by the defendant." *State Farm Mut. Auto Ins. Co. v. Swartz*, 5th Dist. Richland No. 2005 CA 0086, 2006-Ohio-2096, ¶16. *See, also, Goodyear Tire & Rubber Co. v. Brocker*, 7th Dist. Mahoning No. 97 CA 184, 1999 Ohio App. LEXIS 3170, *5 (June 30, 1999) (holding plaintiffs' claim for

9

contribution was not time barred by the one year statute of limitations set forth in R.C. 2305.11).

{¶24} As stated in R.C. 2307.25, the right of contribution may exist "if one or more persons are *jointly and severally liable in tort for the same injury or loss to a person* * * *." (Emphasis added.)

{¶25} In a medical malpractice action, a defendant is liable only for that portion of a plaintiff's injuries that are attributable to that defendant's malpractice. The fact that a plaintiff in a medical malpractice action may have contributed to his medical condition before receiving care is not to be considered. *See, e.g.*, OJI §417.01(7) Freedom From Negligence Instruction.

{¶26} In the present case, the third-party plaintiff medical providers are attempting to seek contribution from the Speakers based upon alleged negligent acts that occurred *prior* to any medical treatment. This appears to be a case of first impression in Ohio under the current version of the contribution statute. Although the Barkers have indicated they conducted a nationwide search and were unable to find any case where this situation has been permitted, there is authority from the state of New York. In the case of *Dubrey v. Champlain Valley Physicians Hosp. Med. Ctr.*, 189 A.D.2d 950, 1993 N.Y. App. Div. LEXIS 81, *3-4, the New York Supreme Court, Appellate Division, noted as follows:

> It is well settled that 'the liability of an independent and successive tortfeasor is generally limited to separate injuries or the aggravation caused by his conduct * * * so that a claim for contribution by a subsequent tortfeasor against a prior tortfeasor is not available' (*Lewis v. Yonkers Gen. Hosp.*, 174 AD2d 611, 612 [citations omitted]; *see, Kalikas v. Artale*, 124 AD2d 645, 646). Thus, as a general rule, defendants in a medical malpractice action are not entitled to apportionment where they are subsequent tortfeasors,

10

because their liability extends only to that portion of the plaintiff's injuries attributable to their malpractice (see, *Frederic v. St. John's Episcopal Hosp.*, 100 AD2d 571). Where, however, 'the plaintiff's injury is such that it is incapable of a reasonable or practicable division or allocation between the tortfeasors, the focus shifts to the relative degree of fault of the multiple tortfeasors and contribution becomes appropriate' (*Lewis v. Yonkers Gen. Hosp.*, *supra*, at 612; *see*, *Ravo v. Rogatnick*, 70 NY2d 305, 310-312; *Wiseman v. 374 Realty*, 54 AD2d 119, 122).

**{¶27}** The relevant New York statute, NY CLS CPLR §1401, however, does not impose the same requirements as the Ohio statute. Most notably, Ohio's contribution statute has a specific limitation which provides that the "right of contribution exists *only* in favor of a tortfeasor *who has paid* more than that tortfeasor's proportionate share of the common liability." R.C. 2307.25(A) (emphasis added).

**{¶28}** Here, the third-party complaint does not allege that Dr. Robinson has paid *anything* toward compensation for injuries over and above the injuries he has caused, as required by the statute. The plain language of Ohio's contribution statute establishes that the right of contribution "exists *only* in favor of a tortfeasor *who has paid* more" than its share. The third-party plaintiffs assert that this provision is not mandatory due to the inclusion of the preceding sentence, which suggests "there may be a right of contribution even though judgment has not been recovered against all or any of them." If the statute is read *in pari materia*, however, it is clear that the aforementioned language—i.e., that contribution may exist even though judgment has not been recovered—refers to the fact that a tortfeasor may seek contribution even though payment was made by settlement, as opposed to satisfaction of a judgment, provided the tortfeasor seeking contribution extinguishes the liability of the joint tortfeasor in the settlement.

11

**{¶29}** It is correct, as appellant notes, that the Ohio Supreme Court has held, "[w]hen a medical provider's negligent treatment of bodily injuries caused by a tortfeasor results in further injury or aggravation of the original injury, R.C. 2307.31 creates a right of contribution between the tortfeasor and the medical provider as to *indivisible injuries*." *Motorists Mut. Ins. Co. v. Huron Rd. Hosp.*, 73 Ohio St.3d 391, 395 (1995) (emphasis added). Concurrent negligence has been defined as "'negligence of two or more persons concurring, not necessarily in point of time, but in point of consequence, in producing a single indivisible injury.'" *Id.* at 394, quoting *Garbe v. Halloran*, 150 Ohio St. 476, 481 (1948).

**{¶30}** The third-party complaint only pled a premises liability cause of action against the Speakers; it failed to allege that the injuries Mr. Barker received from the alleged negligence of the Speakers are inextricably connected to the injuries he received from the alleged negligence of Dr. Robinson. A claim for contribution is only possible under this theory if Mr. Barker's injuries are indivisible. The third-party complaint makes no such allegation.

**{¶31}** We also observe the third-party complaint does not allege that Dr. Robinson and the Speakers are joint tortfeasors, which is the threshold requirement of the statute. Instead, the third-party complaint merely alleges the Speakers were negligent in maintaining their premises, thereby causing Barker to suffer "permanent injury." The third-party complaint then seeks contribution from the Speakers for "any judgment that may be obtained against" Dr. Robinson on the complaint or any settlement that may be paid by Dr. Robinson.

12

{¶32} As the trial court notes, the Barkers' complaint seeks damages for injuries sustained by Mr. Barker as a result of the treatment he received after arriving at the hospital. There is no request for recovery for any injuries he incurred prior to that time. As a result, the introduction of evidence of Mr. Barker's own negligence cannot be considered by the jury. At trial, the burden is on the plaintiffs to separate and distinguish the injuries and damages sustained by Mr. Barker subsequent to his arrival at the hospital.

{¶33} The medical defendants' position is incongruous: they want to admit into evidence injuries for which plaintiff does not seek to recover and, thereafter, seek contribution from the Speakers for the corresponding damage. The jury instruction is clear that the medical defendants cannot introduce evidence of Mr. Barker's own negligence or misconduct in a medical malpractice case.

{¶34} We draw no conclusion as to whether a medical malpractice defendant may *ever* state a viable claim for contribution by looking back to *prior* tortfeasors. A review of the four corners of the third-party complaint reveals that Dr. Robinson has failed to state a claim upon which relief can be granted.

{¶35} As such, Dr. Robinson's first, second, and third assignments of error are without merit.

{¶36} Under his fourth assignment of error, Dr. Robinson maintains the trial court erred in granting Mr. Barker's motion for partial summary judgment when the issue was moot due to Dr. Robinson's withdrawal of the affirmative defense at issue in the motion.

{¶37} It is well founded that appellate courts have jurisdiction to review only final orders or judgments, pursuant to Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2505.02. From this constitutional grant of limited authority, it is axiomatic that if an order is not final and appealable, an appellate court is without jurisdiction to entertain the merits of that order.

{¶38} The granting of partial summary judgment in favor of the Barkers on the affirmative defenses of contributory negligence and assumption of the risk does not satisfy any definition of a final order pursuant to R.C. 2505.02. The order concerning the availability of an affirmative defense is essentially a pretrial ruling on what evidence the trial court will allow to be presented; under this circumstance, this is not a final, appealable order. *See Schiff v. Dickson*, 8th Dist. Cuyahoga Nos. 96539 & 96541, 2011-Ohio-6079, ¶38.

{¶39} Here, the Barkers submitted a partial motion for summary judgment only with respect to the affirmative defenses raised by defendants. Thereafter, Dr. Robinson withdrew his affirmative defenses at issue and argued the withdrawal made the Barkers' motion for partial summary judgment moot.

{¶40} By Dr. Robinson withdrawing his affirmative defenses at issue in the Barkers' motion for partial summary judgment, the trial court entered judgment on an issue that was not before it; thus, that aspect of the order is moot. Simply put, there was nothing for the trial court to rule upon because Dr. Robinson had withdrawn his affirmative defenses.

{¶41} Even assuming error by the trial court, any error was harmless as to Dr. Robinson. The fourth assignment of error is thus not well-taken and without merit.

14

{¶42} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed.


DIANE V. GRENDELL, J.,

THOMAS R. WRIGHT, J.,

concur.