[Cite as *Barker v. Emergency Professional Servs., Inc.*, 2014-Ohio-1368.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| JEFFREY BARKER, et al., | : | **O P I N I O N** |
| Plaintiffs, | : | |
| - vs - | : | **CASE NO. 2013-T-0018** |
| EMERGENCY PROFESSIONAL SERVICES, INC., et al., | : | |
| | : | |
| Defendants, | : | |
| | : | |
| HAROLD ROBINSON, M.D., et al., | : | |
| Defendants/ Third Party Plaintiffs-Appellees, | : | |
| - vs - | : | |
| CLARENCE SPEAKER, et al., | : | |
| Third Party Defendants-Appellants. | : | |

Civil Appeal from the Trumbull County Court of Common Pleas.
Case No. 2010 CV 2566.

Judgment: Affirmed.

*Timothy A. Spirko* and *Dirk E. Riemenschneider*, Buckingham, Doolittle & Burroughs, LLP, One Cleveland Center, Suite 1700, 1375 East Ninth Street, Cleveland, OH 44114 (For Defendant/Third Party Plaintiff-Appellee Harold Robinson, M.D.).

*Shirley J. Christian*, 2235 E. Pershing Street, Suite A, Salem, OH 44460; and *Matthew G. Vansuch*, Harrington, Hoppe & Mitchell, Ltd, 108 Main Avenue, S.W., Suite 500, P.O. Box 1510, Warren, OH 44481 (For Defendant/Third Party Plaintiff-Appellee K.N. Amirthalingam, M.D.).

*Thomas J. Wilson*, Comstock, Springer & Wilson Co., L.P.A., 100 Federal Plaza East,

Suite 926, Youngstown, OH 44503-1811 (For Defendant/Third Party Plaintiff-Appellee Forum Health d.b.a. Trumbull Memorial Hospital).

*Adam E. Carr*, The Carr Law Office, L.L.C., 5824 Akron-Cleveland Road, Suite A, Hudson, OH 44236 (For Third Party Defendants-Appellants).

TIMOTHY P. CANNON, P.J.

{¶1} Third party defendants-appellants, Cynthia and Clarence Speaker, appeal the February 12, 2013 nunc pro tunc judgment entry of the Trumbull County Court of Common Pleas, which dismissed the third-party complaint against the Speakers pursuant to Civ.R. 12(B)(6) and held the Speakers' motion for summary judgment in abeyance pending the outcome of the instant appeal. The Speakers maintain the trial court erred in issuing the February 12, 2013 nunc pro tunc judgment entry after it had previously issued an entry dated November 6, 2012, awarding summary judgment in favor of the Speakers. We hold the trial court did not err in issuing the February 12, 2013 nunc pro tunc judgment entry.

{¶2} On June 18, 2010, Jeffrey Barker was at the Speakers' home. That evening, Mr. Barker apparently dove off a diving board into the Speakers' lake.

{¶3} Unfortunately, Mr. Barker did not immediately resurface. His son pulled Mr. Barker out of the lake, CPR was administered, and 9-1-1 was called. When emergency assistance arrived, Mr. Barker was unconscious. He was transported to Forum Health, d.b.a. Trumbull Memorial Hospital. Mr. Barker remained at Trumbull Memorial Hospital for three days before being transported to MetroHealth Medical Center. It is undisputed that Mr. Barker now suffers from quadriplegia. It is alleged that

2

Mr. Barker received improper care constituting medical malpractice, which ultimately exacerbated the extent of his injuries.

{¶4} Mr. Barker, with his wife and two minor children, initiated a medical malpractice action against multiple defendants, including Dr. K.N. Amirthalingam (hereinafter referred to as "Dr. Amir"); Dr. Harold Robinson; and Dr. Zachary Veres; as well as Emergency Professional Services; Forum Health, d.b.a. Trumbull Memorial Hospital, and several of its employees; and a number of other groups and physicians. Several defendants were voluntarily dismissed. The lawsuit was brought solely against medical co-defendants and not against the owners of the pond, the Speakers. The complaint does not seek any damages for injuries that occurred prior to Mr. Barker arriving at the hospital.

{¶5} On June 18, 2012, Dr. Robinson, with leave of court, filed a third-party complaint against the Speakers alleging negligence and that Mr. Barker suffered injury as a direct and proximate result of their negligence. The third-party complaint alleged that the Speakers "failed to maintain the premises and caused, allowed to be caused or failed to remove a nuisance and endangerment to the public in general, including a nuisance and endangerment to the public in general, including a nuisance and endangerment to [Mr. Barker]," and "as a direct and proximate result of the creation of the nuisance and endangerment, or the failure to maintain the premises," Mr. Barker suffered injuries. Dr. Robinson sought "contribution or partial indemnification for any judgment that may be obtained" or "any settlement that may be paid by the Defendant/Third-Party Plaintiff to the Plaintiffs and for all attorneys' fees and costs incurred herein."

3

{¶6} Subsequently, Dr. Amir and Forum Health filed a motion to join the third-party complaint against the Speakers. The Barkers filed a motion to strike or sever the third-party complaint. The Speakers filed a motion to dismiss the third-party complaint on the grounds that it failed to state a claim upon which relief could be granted. During the pendency of those motions, the Speakers filed an answer to the third-party complaint. Thereafter, the Speakers filed a motion for summary judgment on the third-party complaint based on R.C. 1533.181–the recreational user immunity statute.

{¶7} A hearing was held on the dispositive motions. However, the assignment office failed to indicate on the hearing notice that the Speakers' motion for summary judgment on the third-party complaint would be heard on the date indicated. The trial court issued a judgment entry on November 6, 2012, ruling on the dispositive motions, including a grant of the Speakers' motion for summary judgment on the third-party complaint, which it addressed on the merits.

{¶8} Dr. Robinson filed a "motion to amend journal entry by way of nunc pro tunc entry for clarification or, in the alternative, motion to void journal entry granting summary judgment to third-party defendants," the Speakers. In his motion, Dr. Robinson sought clarification of the order because it was unclear whether the trial court intended to grant the Speakers' motion to dismiss or the Speakers' motion for summary judgment. Further, Dr. Robinson indicated that he was not provided with notice of the hearing on the Speakers' motion for summary judgment and, thus, was not given an opportunity to file a brief in opposition to the motion.

{¶9} Dr. Robinson filed a notice of appeal. *Barker v. Emergency Prof. Serv., Inc.*, 11th Dist. Trumbull No. 2012-T-0098, 2013-Ohio-5819. Thereafter, he filed a

4

motion in this court to remand for clarification by the trial court, as the November 6, 2012 judgment entry granted both the Speakers' motion to dismiss the third-party complaint and the Speakers' motion for summary judgment.

{¶10} This court remanded the matter to the trial court "for the sole purpose of allowing the trial court to rule on [Dr. Robinson's] November 26, 2012 motion to amend its entry and for the trial court to review the November 6, 2012 judgment entry to determine whether a clerical error has occurred and if it needs to clarify its ruling."

{¶11} The trial court then issued a nunc pro tunc entry on February 12, 2013. In that entry, the trial court removed reference to any analysis on the Speakers' motion for summary judgment and held the motion in abeyance pending appeal. In addition, the trial court restated that it granted the Speakers' motion to dismiss the third-party complaint for failure to state a claim upon which relief can be granted.

{¶12} The Speakers filed a notice of appeal and assert the following assignments of error for our review:

> [1.] The trial court erred in reconsidering and vacating its prior final judgment awarding summary judgment in favor of appellants Speaker.
>
> [2.] The trial court abused its discretion in granting Dr. Robinson's motion for relief from judgment when Dr. Robinson failed to comply with the requirements for relief under Civ.R. 60(B).

{¶13} As the Speakers' assignments of error both relate to the issuance of the February 12, 2013 judgment entry, we address them in a consolidated fashion. On appeal, the Speakers maintain the trial court erred in "reconsidering and vacating" its prior judgment awarding them summary judgment because Dr. Robinson's "motion for relief from judgment" sought to relitigate the issues decided by the November 6, 2012

5

judgment. Further, the Speakers argue the Ohio Rules of Civil Procedure do not allow for motions for reconsideration of a trial court's final judgments.

{¶14} Civ.R. 60(A) provides:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected before the appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

{¶15} Under Civ.R. 60(A), "a court has the discretionary power to correct a clerical error." *Allen v. Allen*, 11th Dist. Trumbull No. 99-T-0011, 2000 Ohio App. LEXIS 1455, *6 (Mar. 31, 2000) (citation omitted). Thus, a trial court's decision to correct a clerical error under the rule will not be reversed absent a showing that the trial court abused its discretion.

{¶16} In addition, Civ.R. 60(B)—Mistakes; Inadvertence; Excusable neglect; Newly discovered evidence; Fraud; etc.—states, in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

However, as noted above, Dr. Robinson filed a motion for clarification or to void judgment—not a motion for Civ.R. 60(B) relief.

6

{¶17} In its November 6, 2012 entry, the trial court granted both the Speakers' motion to dismiss the third-party complaint *and* the Speakers' motion for summary judgment on the third-party complaint. While Dr. Robinson's November 26, 2012 motion was pending in the trial court, he filed an appeal. Therefore, Dr. Robinson filed a motion to remand to the trial court for consideration of his November 26, 2012 motion to "amend journal entry by way of nunc pro tunc entry for clarification or in the alternative motion to void journal entry granting summary judgment of third-party defendants."

{¶18} The trial court's November 6, 2012 judgment entry was internally and inherently inconsistent as it ruled upon *both* motions filed by the Speakers relating to the third-party complaint. The motion to dismiss and the motion for summary judgment are two mutually exclusive motions: the granting of the motion to dismiss renders the motion for summary judgment moot. As the November 6, 2012 judgment was the basis of Dr. Robinson's appeal, we issued a limited remand to the trial court for clarification. We directed the trial court to do one or more of the following: (1) rule on appellants' November 26, 2012 motion to amend the entry, (2) determine "whether a clerical error [had] occurred," and/or (3) determine "if it [needed] to clarify its ruling." We stated, "[i]f the trial court concludes that there is an error, it shall issue a nunc pro tunc judgment entry to accurately reflect the decision of the trial court."

{¶19} Subsequently, the trial court issued its February 12, 2013 judgment entry, which it labeled "nunc pro tunc," granting only the Speakers' motion to dismiss the third-party complaint. In that entry, the trial court recognized an error: the motion for summary judgment was not properly before the court for consideration. It specifically held:

7

The October 26, 2012 date was intended by [the trial court] to cover all dispositive motions, and it was set more than fourteen days from the filing of the Speakers' Motion for Summary Judgment on the Third Party Complaint to comply with Ohio Civ.R. 56, and for this purpose. However, having reviewed the case file, the Court has now discovered that the notice sent by the Assignment Office of the new hearing did not state that the Speakers' Motion for Summary Judgment on the Third Party Complaint would be heard on October 26, 2012.

In the interest of justice, and pursuant to the Appellate Court remand, the Court hereby amends and replaces the Judgment Entry of November 26, 2012 to clarify its ruling. The Motion of the Speakers for Summary Judgment on the Third Party Complaint will be held in abeyance pending the decision of the Eleventh District Court of Appeals on the appeal of this Judgment Entry.

{¶20} Based upon the inherent inconsistency of the trial court's November 6, 2012 judgment, we do not find the trial court erred by clarifying its internal inconsistency and issuing its judgment of February 12, 2013. Regardless of whether it is labeled a "nunc pro tunc" entry, it is clear that the trial court was following the directive of this court to resolve any questions that might exist in that entry. If nothing else, the clarification of the trial court's judgment entry was under the authority of this court's remand order.

{¶21} The Speakers' assignments of error are without merit.

{¶22} The judgment of the Trumbull County Court of Common Pleas is hereby affirmed as it relates to the issuance of its February 12, 2013 judgment entry.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.


_____


8

DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.

{¶23} I dissent from the majority's decision, affirming the trial court's nunc pro tunc Judgment Entry. Since a clerical error did not occur, the trial court lacked the basis to issue such a Judgment Entry.

{¶24} The lower court judge may have been misled by the prior unilateral decision of the writing judge to remand the matter to address the possible "clerical error" issue and the order that, if such an error occurred, the trial court "shall issue a nunc pro tunc judgment entry." Since the conflicting lower court issue is substantive, not clerical, this court should have ruled on the merits and, if appropriate, reversed and remanded the case to address that substantive error.

{¶25} In the present matter, the trial court initially filed a November 6, 2012 Judgment Entry, granting both the Speakers' Motion for Summary Judgment and their Motion to Dismiss. Following a motion filed by Dr. Robinson, a Judgment Entry was erroneously issued by the writing judge, remanding the matter for the trial court to determine whether a clerical error was made. Upon remand, the trial court filed a February 12, 2013 Judgment Entry, stating that it had ruled on the Motion for Summary Judgment, but now realized, after reviewing the file, that proper notice of a hearing was not given, and altering its original Judgment Entry to omit the grant of summary judgment in favor of the Speakers. This reflects a possible substantive, not clerical, error in the lower court's proceedings.

{¶26} It does not appear that a clerical error actually occurred in this case to warrant the issuance of a nunc pro tunc entry. "Civ.R. 60(A) permits a trial court, in its discretion, to correct clerical mistakes which are apparent on the record, but does not

authorize a trial court to make substantive changes in judgments." *State ex rel. Litty v. Leskovyansky*, 77 Ohio St.3d 97, 100, 671 N.E.2d 236 (1996). "The term 'clerical mistake' refers to a mistake or omission, mechanical in nature and apparent on the record which does not involve a legal decision or judgment." *Id*. In this case, the "error" certainly was not mechanical in nature. The trial court changed its judgment based not on its failure to initially state its judgment accurately, or to correct a typographical error, but based on a substantive issue, i.e., whether proper notice was given such that a ruling could be made on the Speakers' Motion for Summary Judgment.

{¶27} "[I]f the entry of the court does not actually speak the truth, the trial court has the power * * * to make an entry *nunc pro tunc* showing *not what it might have decided, or have intended to decide*, but what it actually did decide." (Emphasis added.) *Webb v. W. Res. Bond & Share Co.*, 115 Ohio St. 247, 256, 153 N.E. 289 (1926); *State ex rel. Cruzado v. Zaleski*, 111 Ohio St.3d 353, 2006-Ohio-5795, 856 N.E.2d 263, ¶ 19 (nunc pro tunc entries "are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided"). The lower court noted in its nunc pro tunc Entry that it had not realized at the time of issuing its prior Judgment Entry that proper notice of the hearing on the Motion for Summary Judgment had not been given to the parties. This appears to indicate that the court, at the time of its initial judgment, intended to rule on both motions. The court realized, upon further reflection and review of the case file, that it *should not have* ruled on the Motion to Suppress, not that it inadvertently misstated its ruling, such that correction would be necessary or permissible.

10

{¶28} Further, any assertions by the majority that the lower court's initial Judgment Entry was "inherently inconsistent" do not justify the issuance of a nunc pro tunc entry in this case. Regardless of whether a court should rule on both a Motion to Dismiss and a Motion for Summary Judgment, this does not warrant a finding that the trial court made a clerical error.

{¶29} Although the majority cites no law for the proposition that a trial court errs in ruling on both a Motion for Summary Judgment and a Motion to Dismiss, any potential "inconsistency" as to this issue would be substantive in nature and should be remedied through a direct appeal. Provided that this issue constituted an error by the trial court, this court could reverse and remand for the trial court to correct its error, as is the normal process in an appeal where the lower court has erred, rather than allowing it to do so through an inappropriate nunc pro tunc Entry.

{¶30} Finally, the majority's opinion notes that, "[i]f nothing else, the clarification of the trial court's judgment entry was under the authority of this court's remand order." *Supra* at ¶ 20. This court cannot circumvent the normal appellate procedures for addressing substantive error by a lower court through the nunc pro tunc process. This court did not require the lower court to change its original Judgment Entry, but only stated that it should do so if it had made a clerical error. Since no clerical error was made, the lower court did not have the authority to change its judgment even under the inappropriate remand of this court.

{¶31} Based on the foregoing, I respectfully dissent and would reverse the decision of the trial court, issuing the February 12, 2013 nunc pro tunc Judgment Entry, and reinstate the trial court's November 6, 2012 Judgment Entry.