[Cite as *DeMoss v. Silver Lake*, 2016-Ohio-3241.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| GARY W. DEMOSS, et al. | | C.A. No.     27820 |
| Appellants | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| VILLAGE OF SILVER LAKE | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | | CASE No.     CV 2012-09-5141 |

DECISION AND JOURNAL ENTRY

Dated: June 1, 2016

CARR, Presiding Judge.

{¶1}   Appellants, Gary DeMoss, Carl Harrison, and Mark Kennemuth, appeal the judgment of the Summit County Court of Common Pleas.  This Court reverses and remands.

I.

{¶2}   In 1972, the Village of Silver Lake enacted an ordinance (76-1972), amending section 139.05 of its codified ordinances, establishing medical and life insurance benefits for employees who retired under the PERS or Police Pension plans after having completed at least 15 years of service to the Village.  Messrs. DeMoss, Harrison, and Kennemuth all became employed by the Village police department and completed 15 years of employment while the 1972 ordinance was in effect.  In 1995, the Village again amended section 139.05 (pursuant to enactment 58-1995), repealing the prior language regarding medical and life insurance benefits for retirees, retaining such benefits solely for "permanent regular employees * * * under such

terms as Council may periodically determine provided such coverage is available from commercial sources."

{¶3} DeMoss and Harrison retired from the village police department in 2010 and 2012, respectively. Kennemuth continues his employment with the department. All three filed a complaint in 2012, seeking a declaration that their rights after retirement to medical and life insurance benefits under the 1972 amendment to section 139.05 vested upon each attaining 15 years of service with the Village prior to the enactment of the 1995 amendment. In the event their rights were determined to have vested, DeMoss and Harrison further prayed for an order requiring the Village immediately to pay their medical and life insurance premiums, including retroactive amounts; while Kennemuth prayed for an order requiring the Village to pay his medical and life insurance premiums at a future undetermined date after he retired. The Village filed an answer and raised various affirmative defenses.

{¶4} The matter was referred to the magistrate, and the parties agreed to submit the matter for resolution on briefs and agreed stipulations of fact. The magistrate issued a decision finding that the 1972 ordinance contained language allowing the Village council to modify its provision of benefits. He, thereafter, concluded that the language of the 1972 ordinance did not evidence a statutory plan to provide coverage and that the 1972 ordinance both created the right to insurance and terminated that right. The magistrate further concluded that the Village was entitled to prevail based on its affirmative defense of laches. However, specifically as to Kennemuth, who had not yet retired from the Village police department, the magistrate relied on the Ohio Supreme Court's holding in *Sheehy v. Seilon, Inc.*, 10 Ohio St.2d 242, 243-244 (1967), that, notwithstanding contractual benefits provided to induce employee loyalty, an employer "may cancel insurance as to those of its employees who are still working and have not retired."

{¶5} DeMoss, Harrison, and Kennemuth filed objections to multiple findings of fact and conclusions of law in the magistrate's decision. The Village opposed the objections. The trial court sustained many of DeMoss', Harrison's, and Kennemuth's objections, but ultimately entered the following judgment:

> The Village Ordinance No. 58-1995 passed by the Village of Silver Lake Council on or about June 6, 1995, allowed the Village to amend their previous Ordinance No. 76-1972, passed on December 18, 1972, to the extent that it legally effectuated a cancellation of any life or health insurance benefits to be paid to retirees of the Police Department, with specific reference to Gary W. DeMoss, Michael Kennemuth, and Carl Harrison.

{¶6} DeMoss, Harrison, and Kennemuth filed a timely appeal, raising one assignment of error for review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED AS A MATTER OF LAW IN HOLDING THAT THE VILLAGE OF SILVER LAKE HAD A LEGAL RIGHT TO MODIFY ORDINANCE NO. 76-1972 BY THE PASSAGE OF ORDINANCE NO. 58-1995 AND BY NOT HOLDING THAT THE ORDINANCE WAS VIOLATIVE OF ARTICLE II, SEC. 28 OF THE OHIO CONSTITUTION AS BEING UNCONSTITUTIONALLY APPLIED RETROACTIVELY TO APPELLANTS[.]

{¶7} DeMoss, Harrison, and Kennemuth argue that the trial court erred by declaring that the Village had the right to modify the version of section 139.05 of the codified ordinances enacted in 1972 by way of the 1995 enactment. This Court agrees.

{¶8} When reviewing a trial court's determination regarding legal issues relevant to the entry of declaratory judgment, this Court must apply a de novo standard of review. *Arnott v. Arnott*, 132 Ohio St.3d 401, 2012-Ohio-3208, ¶ 1.

{¶9} DeMoss, Harrison, and Kennemuth sought a declaration that their rights to medical and life insurance benefits had vested after 15 years of employment with the Village.

They argued that the 1995 ordinance violated the Retroactivity Clause of the Ohio Constitution, and that the trial court failed to conduct the proper analysis in its determination. This Court agrees.

{¶10} Article II, Section 28, of the Ohio Constitution proscribes the enactment of retroactive laws. Unless the legislation is expressly made retrospective, it is presumed to be prospective only in its application. R.C. 1.48. Courts apply a two-step analysis to determine whether retroactive application of the law violates the constitutional proscription. *State v. White*, 132 Ohio St.3d 344, 2012-Ohio-2583, ¶ 27.

{¶11} First, as a threshold matter, a court must determine whether the legislature intended for the statute to apply retroactively. *Bielat v. Bielat*, 87 Ohio St.3d 350, 353 (2000); *see also Van Fossen v. Babcock & Wilcox Co.*, 36 Ohio St.3d 100 (1988), paragraph one of the syllabus. Often, this determination can be made based on the plain language of the legislation. *See, e.g., White* at ¶ 28-30 (finding legislative intent to apply death penalty statute retroactively where statute expressly stated it would apply to all offenders sentenced to death on or after October 19, 1981, the effective date of the current death penalty statute); *Bielat*, 87 Ohio St.3d at 353-354 (finding legislative intent to apply Ohio's Transfer-on-Death Security Registration Act retroactively where statute stated it applied "prior to, on, or after" the effective date of the Act); *State v. Cook*, 83 Ohio St.3d 404, 410 (statute applies to sex offenders convicted, sentenced and still imprisoned prior to effective date).

{¶12} Second, a court must determine whether the retroactive law is remedial or substantive. *Bielat* at 354. As the high court has written:

> A purely remedial statute does not violate Section 28, Article II of the Ohio
> Constitution [the Retroactivity Clause], even when it is applied retroactively. On
> the other hand, a retroactive statute is substantive – and therefore
> *unconstitutionally* retroactive – if it impairs vested rights, affects an accrued

substantive right, or imposes new or additional burdens, duties, obligations, or liabilities as to a past transaction.

(Internal citations omitted; emphasis in original) *Id.* "'The prohibition against retroactive laws * * * is a protection for the individual who is assured that he may rely upon the law as it is written and not later be subject to new obligations thereby.'" *White* at ¶ 34, quoting *Lakengren, Inc. v. Kosydar*, 44 Ohio St.2d 199, 201 (1975). An "accrued right" is "a matured right; a right that is ripe for enforcement." *White* at ¶ 35, quoting *Black's Law Dictionary* 1436 (9th Ed.2009).

{¶13} In this case, the trial court did not engage in the proper analysis to determine whether the 1995 ordinance violated the Retroactivity Clause, so that it could be responsive to the police officers' prayer for a declaration regarding whether they had vested rights under the 1972 ordinance. Instead, the trial court reviewed the language of the 1972 ordinance, determined that the Village identified two classes of individuals (employees and retirees who completed 15 years' service to the Village) who "shall" be accorded benefits, and concluded that the prior ordinance did not evidence any intent by the legislature to terminate health and life insurance benefits in the future. The court did not, however, make any determination regarding whether the Village council expressed any intent as to whether the 1995 ordinance should be applied retroactively. In the absence of that threshold determination, any further determination regarding whether the 1995 ordinance is remedial or substantive, i.e., whether or not any vested right is implicated, is either moot or merely premature. Accordingly, as the trial court failed to conduct the necessary inquiry relevant to the declaratory relief sought by DeMoss, Harrison, and Kennemuth, this Court is compelled to reverse and remand the matter to the trial court for further determination of the issue before it.

{¶14} Finally, this Court notes that the judgment entry appealed further appears to contain various internal inconsistencies precluding affirmance. *See generally Barker v.*

*Emergency Professional Servs., Inc.*, 11th Dist. Trumbull No. 2013-T-0018, 2014-Ohio-1368. For example, the trial court identified the rights (to insurance benefits) created in 1972 for both current employees and retirees with 15 years of service to the Village, recognizing merely that the configuration of those benefits could be changed. It later concluded, however, that not merely the configuration but the very existence of the rights could be changed.

{¶15} DeMoss', Harrison's, and Kennemuth's sole assignment of error is sustained to the extent that the trial court failed to perform the necessary analysis.

## III.

{¶16} The sole assignment of error is sustained. The judgment of the Summit County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

_____
DONNA J. CARR
FOR THE COURT

WHITMORE, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

LARRY SHENISE, Attorney at Law, for Appellants.

JOHN T. MCLANDRICH, FRANK H. SCIALDONE, and TAMI Z. HANNON, Attorneys at Law, for Appellee.